The appellant, Earl Petway, was convicted of two counts of robbery in the first degree, violations of § 13A-8-41, Code of Alabama 1975, and was sentenced to life in the state penitentiary. The appellant raises two issues on appeal.
The State's evidence, in the form of the testimony of the victims, Rose Davis and Lonzo Wright, tended to show that on August 6, 1994, at between approximately 1:30 a.m. and 2:00 a.m., an armed man accosted Davis and Wright on their return home from a restaurant. Davis testified that she and Wright left a restaurant, in the City of Tuskegee, at approximately 1:30 a.m., and proceeded to Motley's, a nearby restaurant and nightclub. Davis further testified that following a short stay at Motley's, she and *Page 532 
Wright proceeded to walk to her house, which was only a few blocks from Motley's. Davis stated that, as they were approaching her house, she and Wright were distracted by a cat and began to play with the cat. She also testified that as they looked up from playing with the cat, a man, later identified as Mike Prosser, was approaching them. She said that he pointed a shotgun in their faces and demanded that Wright give him his wallet. Davis stated that Wright got in front of her and began walking towards Prosser. As Wright approached Prosser, Prosser "pumped" the shotgun and told Davis and Wright to get down on their knees. As Prosser "pumped" the shotgun, he further instructed Wright to give him his wallet and also instructed Davis to give him her purse. Davis testified that at this time, she noticed the appellant emerging from behind a tree. Davis stated that when she and Wright threw the wallet and purse on the ground, the appellant grabbed the purse and wallet, handed them to Prosser, and then ran out of sight. Davis stated that Prosser then demanded that they back away from him. Upon this command, Davis turned and ran to a nearby house. The police were then called to the scene. Davis further testified that about three days following the incident, she talked to the appellant, whom she knew, about returning her purse. She stated that the appellant told her that he would talk to Prosser about returning her purse, but that she was not going to get the money that was in it back.
Wright's testimony was essentially the same as Davis'; however, Wright saw only one person, that is, the man with the shotgun. Thus, Wright never implicated the appellant as a participant in the robbery.
 I.
The appellant contends that there was insufficient evidence to sustain his conviction. The substance of the appellant's argument involves the credibility of the victims. Specifically, the appellant contends that the testimony of Rose Davis and Lonzo Wright was inconsistent to such an extent that the evidence presented by their testimony was insufficient to support the appellant's conviction.
This Court stated in Morton v. State, 581 So.2d 562, 566
(Ala.Cr.App. 1991):
 " 'The weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and the inferences to be drawn from the evidence, even where susceptible to more than one rational conclusion, are for the jury.' Ward v. State, 356 So.2d 238, 240 (Ala.Crim.App.), cert. denied, 356 So.2d 242 (Ala. 1978). See also White v. State, 546 So.2d 1014 (Ala.Crim.App. 1989); Currin v. State, 535 So.2d 221 (Ala.Crim.App.), cert. denied, 535 So.2d 225 (Ala. 1988)."
Furthermore, this Court stated in Johnson v. State,555 So.2d 818, 820-21 (Ala.Cr.App. 1989):
 "[T]he credibility of a witness is always a question for the members of the jury, for they 'have seen and heard the witnesses, and are in position to sift the truth from live testimony far better than a reviewing court can perform this function by reading such testimony in cold type in a record.' Autry v. State, 34 Ala. App. 225, 229-30, 38 So.2d 348, 351 (1949) (quoted in Harris v. State, [513 So.2d 79 (Ala.Cr.App. 1987)])."
This Court is not a trier of fact; our duty is to determine whether there was legally sufficient evidence to support the conviction. Based on Morton and Johnson, any inconsistency between Wright's and Davis' testimony goes to the credibility of the witness and presents a question for the jury. The jury weighed the evidence and found the appellant guilty of the crime charged.
 II.
The appellant next contends that the trial court erred by failing to give a jury instruction on robbery in the second degree. Specifically, the appellant contends that there was no evidence presented that the appellant participated in any way in the crimes and, further, that, assuming he did participate, there was no evidence that the appellant used a deadly weapon or dangerous instrument so as to be guilty of first degree *Page 533 
robbery. The Alabama Supreme Court addressed this issue inEx parte Hannah, 527 So.2d 675, 676-77 (Ala. 1988), where the Court stated:
 "A crime is a lesser included offense where it is established by proof of the same facts, or fewer than all the facts, required to establish the commission of the offense charged. Code 1975, § 13A-1-9(a)(1). Where two persons commit an armed robbery, robbery in the second degree is a lesser included offense of robbery in the first degree. This is true because in the situation where two persons commit armed robbery, robbery in the second degree can be established by proof of fewer than all the facts required to establish robbery in the first degree. Therefore, we must determine whether the appellant was entitled to a charge on the lesser offense. Someone charged with a greater offense is not always entitled to a charge of a lesser included offense. Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978), explains:
 " 'An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934).'
"Id. See Code 1975, § 13A-1-9(b).
 "The trial court was not required to give a lesser-offense charge in the present case if there was no evidence tending to bring the offense within the definition of the lesser included offense. Lidge v. State, 419 So.2d 610
(Ala.Crim.App.), cert. denied, 419 So.2d 616 (Ala. 1982), held that robbery in the second degree is a lesser included offense of robbery in the first degree when the 'robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another.' Id. at 613. In Lidge, the Court of Criminal Appeals appears to indicate that where there is evidence that an armed robbery is committed by two or more persons and one person is unarmed, then the persons accused are necessarily entitled to a charge of robbery in the second degree. This is an incorrect interpretation of the law. A charge of second degree robbery does not always have to be given in such a situation. As the Chavers case holds, a court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind 'that there is no evidence tending to bring the offense within the definition of the lesser offense.' "
The appellant was charged with robbery in the first degree, which is defined as follows:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
 "(2) Causes serious physical injury to another."
§ 13A-8-41, Code of Alabama 1975.
In defining the offense of first-degree robbery, § 13A-8-41
incorporates as an element the offense of robbery in the third degree, which is as defined at § 13A-8-43:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel *Page 534 
acquiescence to the taking of or escaping with the property."
Furthermore, § 13A-2-23, Code of Alabama 1975, provides for accomplice liability in a situation such as the one in this case. This section provides, in pertinent part:
 "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
". . . .
 "(2) He aids or abets such other person in committing the offense."
The evidence was uncontroverted that a shotgun was used in the course of the robbery. Based on the evidence presented by the State, the appellant would be criminally liable for Prosser's use of the shotgun in carrying out the robbery. Because the appellant would be criminally liable for the acts of Prosser, his accomplice, he would be guilty of robbery in the first degree and nothing less.
It is true, as the appellant contends, that "if a defendant asks for a jury charge on a lesser included offense, he is entitled to such a charge if there is any rational basis orreasonable theory that would support a conviction on the lesser offense." Ex parte McCall, 594 So.2d 628, 629 (Ala. 1991). Specifically, the appellant asserts that, based on the Court's holding in McCall, the trial court should have given the second degree robbery charge because there existed a rational basis or reasonable theory to support the contention that the appellant did not use a weapon in the commission of the crime.
In McCall, there was conflicting testimony as to whether a gun or other deadly instrument was used in the robbery. In fact, the Court held that there was "ample evidence from which to find a rational basis or reasonable theory that no dangerous weapon was used." 594 So.2d at 630. However, in the present case, the evidence was uncontroverted that a deadly weapon was used in the commission of the crime. Because the appellant is legally accountable for the acts of his accomplice, the fact that the appellant did not actually hold the gun during the commission of the crime is irrelevant.
For these reasons, the appellant was either guilty of the crime of robbery in the first degree or was not guilty of any crime at all. Therefore, we hold that the appellant was not entitled to a jury instruction on robbery in the second degree.
For the reasons stated above, the appellant's conviction is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.