PER CURIAM.
The appellant, Walter Hill, Jr., appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1996 conviction for robbery in the second degree. Hill pleaded guilty and, on May 28, 1996, the trial court sentenced him to 22 years’ imprisonment.[1] No direct appeal was taken from this conviction.
On July 27, 1998, Hill filed his first Rule 32 petition. In that petition he alleged (1) that his guilty plea was involuntary; (2) that his trial counsel was ineffective; (3) that evidence used against him was obtained by an illegal search and seizure and was therefore inadmissible; and (4) that his arrest was unlawful. Hill subsequently amended the petition to allege (1) that the trial court did not have jurisdiction to render judgment or to impose sentence; and (2) that the evidence was insufficient to sustain his conviction. The circuit court summarily dismissed Hill’s Rule 32 petition, finding that Hill was not entitled to relief because his claims were either time-barred, precluded, insufficiently pleaded, or without merit. Hill appealed the court’s judgment, and on February 5, 1999 this Court affirmed the circuit court’s dismissal, by unpublished memorandum. See Hill v. State (No. CR-98-0147), 767 So.2d 420 (Ala.Crim.App.1999) (table).[2]
On October 8, 2002, Hill filed a second Rule 32 petition. In that petition he alleged that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he says, the indictment charging him with first-degree robbery did not specifically charge that he was aided by another person while committing the robbery. Therefore, he argues, the original indictment did not support an amendment of the charge to second-degree robbery. Thus, he says, the trial court lacked jurisdiction to accept his guilty plea. On October 24, 2002, the State filed a response in which it moved to dismiss Hill’s Rule 32 petition on the grounds that it was procedurally barred and that it was without merit. Included as an appendix to the motion were exhibits regarding the entry of Hill’s pleas, establishing that Hill acted in concert with another in committing the robbery in question, thereby making second- *329 degree robbery a lesser-included offense of first-degree robbery. The circuit court entered an order dismissing Hill’s petition on November 13, 2002, on the grounds that the petition was successive, that it was time-barred, and that it was without merit. This appeal followed.
Hill contends that the circuit court’s dismissal of his current Rule 32 petition was improper. We agree.
Hill argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because, he says, he pleaded guilty to an offense for which he had not been indicted. Specifically, he contends that second-degree robbery is not a lesser-included offense of first-degree robbery and that the indictment against him did not allege that he was aided by another person actually present. In Ex parte Cole, 842 So.2d 605 (Ala.2002), the Alabama Supreme Court held:
“When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — -an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole’s consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App. 2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App.1993)]; Ross v. State, [529 So.2d 1074 (Ala.Crim. App.1988)].”
The indictment against Hill did not allege sufficient facts from which one could conclude that another person aided him in the robbery. Additionally, we cannot determine from the record before us whether Hill consented to amend the indictment against him to add the allegation that another person aided him in the robbery. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the trial court obtained Hill’s consent to amend the indictment against him to add the allegation that another person aided him in the robbery. On remand, the circuit court may require the State to respond specifically to Hill’s claim that he was convicted of an offense for which he was not indicted and/or may conduct an evidentiary hearing on that claim. If the circuit court determines that Hill did not consent to the amendment of the indictment against him to add the allegation that another person aided him in the robbery, then the circuit court shall vacate Hill’s second-degree robbery conviction. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact *330 and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB and SHAW, JJ., concur.
WISE, J., concurs specially, with opinion, which BASCHAB, J., joins.

. Hill also pleaded guilty to first-degree assault, but he raises no claim concerning that conviction. The sentences for both convictions were to run concurrently.

. This Court takes judicial notice of Hill's appellate history. This Court may take judicial notice of its own records. Arthur v. State, 711 So.2d 1031, 1043 (Ala.Crim.App.1996).