887 So.2d 311 (2003)
Darrell A. TAITE
v.
STATE of Alabama.
No. CR-02-1681.
Court of Criminal Appeals of Alabama.
December 2, 2003.
*312 Darrell A. Taite, pro se.
William H. Pryor, Jr., atty. gen., and Beth Slate Poe, asst. atty. gen., for appellee.
PER CURIAM.
The appellant, Darrell A. Taite, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his guilty-plea conviction for robbery in the second degree.[1] On August 22, 1991, Taite withdrew his plea of not guilty and consented to the State's amendment of the indictment against him to charge one count of second-degree robbery. Taite then pleaded guilty to one count of second-degree robbery. On February 14, 1992, he was sentenced to 15 years' imprisonment; that sentence was suspended and Taite was placed on supervised probation for 5 years. No direct appeal was taken from that conviction.
On August 23, 2002, Taite filed a petition for a writ of error coram nobis. Because Taite's petition was not in the form required by Rule 32, Ala.R.Crim.P., the circuit court directed the circuit clerk to return the petition to Taite to give him the opportunity to file it in the proper form and with the appropriate paperwork so that Taite could proceed in forma pauperis. On December 16, 2002, Taite filed his petition for postconviction relief in the form mandated by Rule 32, Ala.R.Crim.P. In that petition he alleged (1) that the court lacked jurisdiction to render the judgment and to impose the sentence against him because his indictment was defective; (2) that his guilty plea was involuntary; (3) that his trial counsel was ineffective; and (4) that the evidence was insufficient to sustain his conviction. The circuit court summarily denied Taite's Rule 32 petition, finding that Taite was not entitled to relief. The court rejected Taite's claim that his plea was involuntary because the court lacked jurisdiction to render judgment or to impose sentence, finding that "[t]he transcripts show that robbery in the second degree was a lesser included offense to robbery in the first degree and that the Court had jurisdiction to accept the defendant's plea to robbery in the second degree." (C. 19.) The court also rejected Taite's claim that his trial counsel were ineffective, noting that counsel had managed to get three of the four charges against Taite nol-prossed.[2] This appeal followed.
Taite contends that the circuit court's dismissal of his Rule 32 petition was improper. We agree.
Taite argues that the circuit court did not have jurisdiction to render a judgment and to impose a sentence in his case because, he says, he pleaded guilty to an offense for which he had not been indicted, namely, second-degree robbery. In Ex parte Cole, 842 So.2d 605 (Ala.2002), the Alabama Supreme Court held:

*313 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery  the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a) [, Ala. R.Crim. P.]. That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App.2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App.1993)]; and Ross v. State, [529 So.2d 1074 (Ala.Crim.App.1988)]."
842 So.2d at 609.
The guilty-plea colloquy establishes a factual basis for the entry of a guilty plea to second-degree robbery as a lesser-included offense of first-degree robbery. Moreover, it appears that the indictment was amended, with Taite's consent, to add the charge of second-degree robbery. However, it does not appear that the indictment against Taite was amended to allege the fact that Taite was "aided by another person actually present." See § 13A-8-42(a), Ala.Code 1975; Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003). Thus, Taite has alleged sufficient facts to establish a meritorious claim. It may be that it was not necessary to amend the indictment to add these facts because the indictment contained sufficient facts upon which a charge of second-degree robbery could be based. However, because the indictment was not included in the record, we remand this case for the circuit court to make specific, written findings of fact as to whether the indictment against Taite contained sufficient facts to confer jurisdiction on the court to accept Taite's guilty plea to second-degree robbery. If the circuit court determines that the indictment does not contain sufficient facts to establish that Taite was aided by another person in the commission of the robbery, then the circuit court shall vacate Taite's conviction for second-degree robbery. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and, if applicable, any additional filings by the parties and a transcript of any additional proceedings that may occur.
REMANDED WITH INSTRUCTIONS.[*]
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
WISE, J., concurs specially, with opinion.
WISE, Judge, concurring specially.
I reluctantly concur with the main opinion's remand of this case to the circuit *314 court for further proceedings based on the Alabama Supreme Court's holding in Ex parte Cole, 842 So.2d 605 (Ala.2002).
I recognize that this Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and "is without authority to overrule the decisions of [that] court." Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice but to remand this case for further proceedings to determine whether the indictment charging Taite alleged that he was "aided by another person actually present," see § 13A-8-42(a), Ala.Code 1975, regardless of the fact that the record clearly indicates that a factual basis existed for Taite's guilty-plea to second-degree robbery. Although the colloquy did not specifically indicate that the indictment was being amended to allege that he was aided by other persons in the robbery, it is clear that this is what the parties were attempting to do. Nevertheless, based on Ex parte Cole, the court's attempt to comply with the spirit of the law was insufficient. In my opinion, remand should not be necessary in a case like this one, where the record clearly indicates a factual basis for the entry of the plea.
NOTES
[1] The four-count indictment returned against Taite in 1991 charged him with one count of murder made capital under § 13A-5-40(a)(2), Ala.Code 1975; two counts of first-degree robbery, in violation of § 13A-8-41, Ala.Code 1975; and one count of attempted murder, in violation of §§ 13A-4-2 and 13A-6-2, Ala.Code 1975. In exchange for Taite's guilty plea to one count of second-degree robbery, the State agreed to nol-pros the remaining charges.
[2] We note that Taite's claim of ineffective assistance of trial counsel was time-barred, pursuant to Rule 32.2(c), Ala.R.Crim.P.
[*] Note from the reporter of decisions: On February 20, 2004, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.