902 So.2d 720 (2004)
Rodney WRIGHT
v.
STATE of Alabama.
CR-01-1670.
Court of Criminal Appeals of Alabama.
January 30, 2004.
Rehearing Denied March 19, 2004.
*721 John Scott Waddell, Birmingham, for appellant.
William H. Pryor, Jr., and Troy King, attys. gen., Nathan A. Forrester, deputy atty. gen., and Daniel W. Madison, asst. atty. gen., for appellee.
PER CURIAM.
Rodney Wright was indicted for robbery in the first degree and, after a trial, the jury returned a verdict finding him "guilty of robbery in the second degree as charged in the indictment." (C. 38.) The trial court sentenced Wright, as a habitual felony offender, to 30 years' imprisonment. Wright appeals.
Initially, this Court must determine whether the trial court lacked jurisdiction to render the judgment or to impose the sentence in light of the wording of the indictment in this casethe indictment charging Wright with robbery in the first degree did not include an essential element of robbery in the second degree, i.e., that Wright was aided in the robbery by another person. See Ex parte Cole, 842 So.2d 605 (Ala.2002).
On May 19, 2003, this Court issued an order requesting the parties to file supplemental briefs addressing the following issue:
"Whether, under the facts of this case, Rodney Wright's conviction for robbery in the second degree is due to be reversed under the rationale of Ex parte Cole, [842 So.2d 605] (Ala.2002)."
In his supplemental brief, Wright contends that "[t]he facts in the present case are directly on point with the facts presented in Cole." (Wright's supplemental brief at page 16.) Wright further argues that he "was indicted for robbery first degree, with no mention being made in the indictment of the fact that he was aided by another person actually present" and, thus, "[r]obbery second degree was not a lesser included offense of the indictment returned in this case." (Wright's supplemental brief at page 16.) Wright also contends that his conviction must be reversed and judgment rendered for him *722 because, he says, "the jury [has] acquitted him of robbery first degree." (Wright's supplemental brief at page 17.)
The State argues the following in its supplemental brief:
"The trial court possessed the authority to enter a judgment of conviction adjudging Wright guilty of second degree robbery as was determined by the jury despite the failure of the indictment to charge an essential element of second degree robberythat Wright was aided by another personbecause, under the facts of this case, second degree robbery is a lesser included offense of first degree robbery.
"....
"In this case, Wright requested written jury instructions that second degree robbery be considered a lesser included offense of first degree robbery; the trial court granted Wright's request and charged the jury that under the facts of this case, the jury could find that second degree robbery was a lesser included offense of first degree robbery.1 (C. 36; R. 151-153.)
"....
"The line of cases stating that a defendant may impliedly consent to the lesser included offense of second degree robbery by requesting a jury instruction on second degree robbery and the court so instructs the jury and the facts support the verdict are well established. See Petway [v. State, 690 So.2d 531, 534 (Ala.Crim.App.1996);] Ex parte McCall [, 594 So.2d 628, 629 (Ala.1991);] and James [v. State, 549 So.2d 562, 564 (Ala. Crim.App.1989)].
"Under the circumstances of this case, Ex parte Cole's holding is inapplicable. Where in a trial the defendant[ ] asks for and receives a requested jury instruction on second degree robbery he has consented to amending the indictment to include all facts necessary to charge second degree robbery ... [and] the trial court possesses the authority to render the judgment and to impose the sentence.
1 "The Alabama Supreme Court recognized this jury-instruction-indictment-amendment in Ex parte Ash, 843 So.2d 213, 216 (Ala.[2002])."
(State's supplemental brief at pp, 6, 8, 14-15.)
Thus, we must resolve whether the trial court lacked jurisdiction to render a judgment and to impose the sentence because the indictment did not include an essential elementi.e., that Wright was aided in the robbery by another personto make robbery in the second degree a lesser-included offense of robbery in the first degree; or whether when Wright asked for and received a jury instruction on robbery in the second degree, he had consented to the amendment of the indictment to include all facts necessary to charge robbery in the second degree.

Facts
As previously noted, Wright was indicted for robbery in the first degree.[1] The indictment stated, in pertinent part:
"RODNEY WRIGHT ... did in the course of committing a theft of $500.00 *723 of the lawful currency of the United States of America and one check, the property of DEBORAH RATLIFF, use force or threaten the imminent use of force against the person of DEBORAH RATLIFF, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said RODNEY WRIGHT ... was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of Section 13A-8-41 of the Alabama Criminal Code."
(C. 14.)
At trial, Deborah Ratliff[2] ("the victim") testified that on the night of March 17, 1999, she was working at Rich's department store in Brookwood Village, a shopping mall in Birmingham. She stated that she left work about 9:00 p.m. and that as she was walking to her car, two people got out of a car and started running toward her. One of the persons had a gun, and the other ran up to her and began hitting her, then he grabbed her purse and the two ran back to their car, jumped in, and drove off. The victim identified Wright as the perpetrator who had hit her and grabbed her purse. Marlon Tucker, the codefendant who entered a guilty plea to a charge of robbery in the second degree, testified that he did not have a gun on the night of the incident.
Wright's requested jury charges included a request that the trial court charge the jury on the "lesser included offense robbery 2nd degree" (C. 36) and the "lesser included offense robbery third degree." (C. 37.) The trial court charged the jury on both robbery in the first degree and robbery in the second degree, but did not charge the jury on robbery in the third degree.
In its charge to the jury, the trial court stated, in pertinent part:
"Now, I'm going to read the indictment to you and then I will tell you what the law of the State of Alabama says about the offense that is charged in this indictment.
"State of Alabama, Jefferson County. The grand jury of said county charges before the finding of this indictment, Rodney Wright, whose name is to the grand jury otherwise unknown, did, in the course of committing a theft of five hundred dollars of lawful currency of the United States, one check, the property of Debra Ratliff, used force or threatened the imminent use of force against the person of Debra Ratliff or another person present with the intent to overcome her physical resistance, or physical power of resistance, or to compel the acquiescence to the taking of or escaping with the property while the said Rodney Wright was armed with a deadly weapon or a dangerous instrument, to-wit, a pistol, in violation of 13A-8-41 of the Alabama Criminal Code.
"Now, this indictment alleges the offense of robbery in the first degree. A person commits the crime of robbery in the first degree if, in the course of committing a theft, he uses force or threatens the imminent use of force against the person or the owner of the property or another person present with the intent to overcome that person's physical resistance or physical power of resistance, and in doing so is armed with a deadly weapon or a dangerous instrument.
"So to convict the State must prove beyond a reasonable doubt each of the *724 following elements of the offense of robbery in the first degree. First, that the defendant, Rodney Wright, committed or attempted to commit a theft of the property that is alleged in the indictment, and that is five hundred dollars of lawful currency and a check. But in order for you to find that the property was taken, you must find that the property had some value. And if you find that property was taken and it had some value, then that suffices as far as the theft of property. So you must find that property was taken, and if that property was taken that it did have some value, whatever that value was.
"The second of the elements is, that in the course of committing or attempting to commit the theft or in the immediate flight after the attempt or the commission of the theft, the defendant either used force against the person or the owner of the property with the intent to overcome her physical resistance or physical power of resistance, or threatened the imminent use of force against the person or the owner of the property with the intent to overcome her acquiescence or to compel her acquiescence to the taking of or escaping with the property.
"And the third is, that the defendant was armed with a deadly weapon or a dangerous instrument. And for the Code of the State of Alabama, as far as the law of the State of Alabama, a pistol is a deadly weapon as defined by law.
"....
"Now if you find from the evidence that the State has proven beyond a reasonable doubt each of these elements of the offense of robbery in the first degree as charged in the indictment, then you should find the defendant guilty of robbery in the first degree.
"If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of robbery in the first degree, then you cannot find the defendant guilty of robbery in the first degree.
"Now that is the offense of robbery in the first degree.
"Robbery in the second degree, a person commits a crime of robbery in the second degree if, in the course of committing theft, he uses or threatens the imminent use of force against the person or the owner of the property with the intent to overcome that person's physical resistance or physical power of resistance, and in doing so is aided by another person who was actually present.
"So to convict, the State must prove beyond a reasonable doubt each of the following elements of robbery in the second degree: First, that the defendant, Rodney Wright, committed or attempted to commit a theft of property that's described in the indictment; second, that in the course of committing or attempting to commit the theft, or in the immediate flight after the attempt or commission of the theft, the defendant either used force against the person of the owner of the property with the intent to overcome her physical resistance or physical power of resistance, or threaten[ed] the imminent use of force against the person or owner of the property with the intent to compel her acquiescence to the taking of or escaping with the property; and third, that the defendant was aided by another person who was actually present.
"....
"Now, what is the difference between robbery in the first degree and robbery in the second degree? Robbery in the first degree requires the presence of a firearm, that the defendant was armed *725 with a deadly weapon or a dangerous instrument. And robbery in the second degree was that the defendant was aided by another person who was actually present and a firearm or a deadly weapon was not present.
"So if you find from the evidence that the State has proven beyond a reasonable doubt each of these elements of the offense of robbery in the second degree, then you should find the defendant guilty of robbery in the second degree.
"If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of robbery in the second degree, then you cannot find the defendant guilty of robbery in the second degree."
(R. 148-53.) As previously noted, the jury returned a verdict finding Wright "guilty of robbery in the second degree as charged in the indictment." (C. 38.)

Law

A. Ex parte Cole

In Ex parte Cole, 842 So.2d at 607-09, the Alabama Supreme Court stated:
"A valid indictment or complaint, giving the accused notice of the criminal charge against him, is the source of the subject-matter jurisdiction to try a contested criminal case. Ash v. State, 843 So.2d 213 (Ala.2002); see also Ex parte Looney, 797 So.2d [427,] 429 [(Ala. 2001)]; Batey v. State, 755 So.2d 593, 595 (Ala.Crim.App.1999). Absent a valid indictment or complaint, a trial court would lack subject-matter jurisdiction to try, to convict, or to sentence a defendant in a contested criminal case. See Ash v. State, supra; see also Batey v. State, supra. Rule 13.5(a), Ala.R.Crim. P., prohibits any amendment to an indictment that changes the offense or charges a new offense not contemplated in the original indictment. See also Rule 13.2(c), Ala.R.Crim. P. (specifying an offense in the indictment provides notice to the accused that he has been charged with all lesser offenses necessarily included in the charged offense). Rule 13.5(a), in conjunction with Rule 13.2(c), allows an indictment to be amended to charge a lesser offense included within the offense charged in the indictment because the accused is placed on sufficient notice of the charge against which he must defend, and the accused is not being tried for an offense different from the charge intended by the grand jury. See Ash v. State, supra; Ex parte Washington, 571 So.2d 1062, 1063 (Ala. 1990); Woods v. State, 675 So.2d 47, 50 (Ala.Crim.App.1995); Gayden v. State, 38 Ala.App. 39, 42, 80 So.2d 495, 498 (1954).
"... Regardless of whether by formal amendment or by implicit amendment, the entry of a plea to an offense different than the one charged in the indictment must not violate Rules 13.5(a) and 13.2(c), which, as previously noted, combine to permit only those amendments that charge a lesser-included offense. Furthermore, the defendant cannot consent to an amendment that effectively changes an offense not contemplated by the indictment. See Hugh Maddox, Alabama Rules of Criminal Procedure § 13.5 (3d ed.1999); see also Wingard v. State, [821 So.2d 240 (Ala.Crim.App. 2001)]; Murray v. State, 814 So.2d 1006 (Ala.Crim.App.2001); Green v. State, 619 So.2d 952, 953 (Ala.Crim.App.1993); Ross v. State, 529 So.2d 1074, 1077 (Ala. Crim.App.1988).
"....
"... [A] defendant charged with first-degree robbery by an indictment that describes the defendant's conduct as occurring in the presence of another aiding him could plead guilty to second-degree *726 robbery as a lesser-included offense, because robbery in the second degree requires the use of force or the threatened use of force while the defendant is `aided by another person actually present.' § 13A-8-42, Ala.Code 1975. Under those circumstances, where the original indictment charging first-degree robbery alleged the facts essential to the lesser-included offense of second-degree robbery, any insufficiency in the factual basis of a guilty plea to the lesser-included offense could not be subsequently attacked for lack of subject-matter jurisdiction.
"The indictment by which Cole was charged alleged only facts describing a first-degree robbery in which he acted alone....
"`....'
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participantan essential element of the offense of second-degree robberythe insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala.R.Crim.P.] That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, supra; Wingard v. State, supra; Green v. State, supra; and Ross v. State, supra."
(Emphasis added.)

B. Toliver v. State

In Toliver v. State, 881 So.2d 1070, 1074 (Ala.Crim.App.2003), this Court stated:
"We believe that the point of Ex parte Cole[, 842 So.2d 605 (Ala.2002)] was that the fact that the defendant was aided in the commission of the robbery by another person must be included within the first-degree-robbery charge itself for second-degree robbery to be a lesser-included offense of first-degree robbery. In other words, if the first-degree-robbery charge does not include the fact that the defendant was aided in the robbery by another person, then second-degree robbery is not a lesser-included offense of first-degree robbery, and a trial court would not have jurisdiction to accept a plea to second-degree robbery because that offense would not be encompassed within the first-degree-robbery indictment. Of course, as the Supreme Court noted in Ex parte Cole, because the offense of robbery in the first degree is broad enough to encompass the fact that the defendant was aided in the robbery by another person, amending an indictment charging first-degree robbery to include that fact would not violate Rule 13.5(a), Ala.R.Crim.P. However, amending an indictment charging first-degree robbery that did not include the fact that the defendant was aided in the robbery by another person to charge second-degree robberyeither by a formal and express amendment to the indictment or by the entry of a plea to second-degree robberywould violate Rule *727 13.5(a) because, under those circumstances, second-degree robbery would not be a lesser-included offense of first-degree robbery.
"....
"... [I]t is clear from the record before us that the trial court did not have jurisdiction to accept Toliver's guilty plea to second-degree robbery based on the indictment charging him with first-degree robbery.
"....
"`...'
"... Toliver's indictment `fails to set forth facts from which one might conclude that [Toliver] was aided in the robbery by another participantan essential element of the offense of second-degree robbery.' Ex parte Cole, 842 So.2d at 609. Although the transcript of the guilty-plea proceedings, a copy of which the circuit court attached to its order summarily denying Toliver's Rule 32 petition, reflects that the prosecutor's factual basis for the plea included the fact that Toliver had been aided by `another man' in the robbery, this fact was not included in the indictment. (C. 19.)
"Second, contrary to the State's contention on rehearing, the record reflects that the indictment charging first-degree robbery was never amended to add the fact that another person aided Toliver in the robbery. The transcript of the guilty-plea proceedings reflects that the first-degree-robbery charge was never amended during the proceedings to add the fact that Toliver was aided in the robbery by another participant. Although the case action summary indicates that Toliver pleaded guilty to `an indictment as amended by agreement' (C. 36), the written plea agreement, which Toliver attached to his petition, indicates that the parties agreed to amend the indictment so as to change the first-degree-robbery charge to second-degree robbery. It is apparent from the record that the amendment referred to in the case action summary was the amendment from first-degree robbery to second-degree robbery, not an amendment to add to the indictment charging first-degree robbery the fact that Toliver had been aided in the robbery by another person. However, the amendment from first-degree robbery to second-degree robbery was improper because the fact that the defendant was aided in the robbery by another person was not included in the first-degree-robbery charge; thus, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in Toliver's indictment. `"An indictment cannot be amended to charge an offense that was not encompassed in the original indictment."' Hamilton v. State, 828 So.2d 957, 960 (Ala.Crim.App.2002), quoting Hall v. State, 655 So.2d 51, 52 (Ala.Crim.App.1995).
"To treat the proceedings in this case as if the original first-degree-robbery charge included the additional fact that Toliver was aided in the robbery by another person just because Toliver entered into a plea agreement to amend the first-degree-robbery charge to charge second-degree robbery and pleaded guilty to the amended indictment would disregard the settled principle that one cannot consent to the improper amendment of an indictment. See Ex parte Cole, 842 So.2d at 609.
"Because the indictment in this case did not include the fact that Toliver was aided in the robbery by another person and because the record before us shows that the first-degree-robbery charge was never amended to include that fact before the indictment was improperly amended to charge second-degree robbery *728 (pursuant to the plea agreement) and Toliver pleaded guilty to second-degree robbery, the trial court lacked jurisdiction to accept Toliver's plea to second-degree robbery based on the first-degree-robbery indictment in this case."
(First emphasis original; other emphasis added.)

C. Ash v. State

In Ash v. State, 843 So.2d 213, 215-17 (Ala.2002), the Alabama Supreme Court stated:
"The operative facts are simple. The indictment, containing only a single count, charged conjunctively that Ash robbed both Christopher Rashon Love and Eric Lashun Alexander. Over Ash's objections, however, the trial court instructed the jury that it could convict Ash if the evidence proved beyond a reasonable doubt that Ash robbed either Love or Alexander or both. This instruction permitted a conviction on proof that Ash had robbed only one of the victims even though the single-count indictment conjunctively charged him with robbing both victims.
"....
"... In the case now before us, however, we must and will address the issues of whether the jury instruction constituted an amendment to the indictment and, if so, whether the amendment deprived the trial court of jurisdiction.
"....
"The jury instruction at issue before us, like those in Williams [v. State, 701 So.2d 832 (Ala.Crim.App.1997)], and Styles [v. State, 474 So.2d 185 (Ala.Crim. App.1985)], effectively amended the indictment to change the conjunction and to the conjunctions either-or and thus to charge the acts disjunctively instead of conjunctively. Therefore, the jury instruction constituted an amendment to the indictment, as Williams and Styles expressly hold. But did the amendment deprive the trial court of jurisdiction?
"....
"In the case before us, however, the amendment did not materially change the allegations of a robbery committed against Love and likewise did not materially change the allegations of a robbery committed against Alexander. The amendment changed only the conjunction between the two alleged robberies. The amended indictment, like the original, still notified Ash to prepare to defend against each robbery, even though the amendment did change the effect of any reasonable doubt entertained by the jury and directed to only one of the robberies. Moreover, the amendment did not impair Ash's ability to plead the judgment in bar to a second prosecution for either robbery, for the trial on the indictment even as amended placed Ash in jeopardy for both alleged robberies. Thus, to this extent, the indictment, even as amended, served both of its fundamental constitutionally guaranteed functions. Gayden [v. State, 262 Ala. 468, 477 80 So.2d 501, 504 (1955)]. Likewise, to this extent, the amendment did not violate the Rule 13.5(a) prohibition against `chang[ing] the offense or [ ] charg[ing] new offenses not contemplated by the original indictment.' These considerations, together, support the conclusion that the amendment did not deprive the trial court of subject matter jurisdiction over either of the two robberies and therefore did not deprive the trial court of subject matter jurisdiction over both tried together.
"Our holding to this effect is independent of any prejudice analysis. We do not hold that the amendment did not prejudice Ash. On the contrary, as we *729 have recounted, the Williams, supra, court specifically held that this very same jury-instruction-indictment-amendment constituted prejudicial error requiring reversal for Ash's co-defendant, who duly challenged the instruction on appeal. We hold only that the instruction-amendment did not deprive the trial court of jurisdiction to render judgment or to impose sentence and that, therefore, Rule 32.2(c) and Rule 32.2(a)(5) preclude Ash's challenge to the instruction-amendment even if it was prejudicial error."
(Some emphasis original; some emphasis added.)

Analysis
In the present case, it is clear that Wright's indictment "fails to set forth facts from which one might conclude that [Wright] was aided in the robbery by another participantan essential element of the offense of second-degree robbery." Ex parte Cole, 842 So.2d at 609. Under the wording of the indictment in this casewhich did not include the essential element of the offense of robbery in the second degree that Wright was aided in the robbery by another participantrobbery in the second degree was not a lesser-included offense of robbery in the first degree.[3]
While it is true that because the victim in the present case testified that two people were involved in the robbery, there was sufficient evidence to support the trial court's charging the jury on robbery in the second degree and to sustain Wright's conviction for robbery in the second degree. However, robbery in the second degree does not become a lesser-included offense of robbery in the first degree merely because there is evidence to support a jury charge on robbery in the second degree, just as robbery in the second degree does not become a lesser-included offense merely because there is a factual basis for a guilty plea. See Toliver, 881 So.2d at 1073-74.[4] In order for robbery in the second degree to become a lesser-included offense of robbery in the first degree, the indictment charging robbery in the first degreeeither the original indictment or a properly amended indictmentmust include the element that the defendant was aided in the robbery by another person.
As previously noted, the State, in its supplemental brief, relied upon Petway v. State, 690 So.2d 531 (Ala.Crim.App.1996), and James v. State, 549 So.2d 562 (Ala. Crim.App. 1989),[5] to support the proposition *730 that "a defendant may impliedly consent to the lesser included offense of second degree robbery by requesting a jury instruction on second degree robbery and the court so instructs the jury and the facts support the verdict." (State's supplemental brief at p. 14.)
We note that both Petway and James involved defendants who were indicted for robbery in the first degree. In Petway, the defendant had requested that the trial court charge the jury on robbery in the second degree and the trial court had refused. On appeal, this Court determined that Petway was not entitled to have the jury charged on robbery in the second degree because
"[t]he evidence was uncontroverted that a shotgun was used in the course of the robbery. Based on the evidence presented by the State, the appellant would be criminally liable for Prosser's use of the shotgun in carrying out the robbery. Because the appellant would be criminally liable for the acts of Prosser, his accomplice, he would be guilty of robbery in the first degree and nothing less."
Petway, 690 So.2d at 534. We note that the wording of the indictment charging Petway with robbery in the first degree is not quoted or discussed in the opinion and that this Court did not address the issue of the sufficiency of the indictment to encompass robbery in the second degree as a lesser-included offense.
There were two defendants in James, Robert James and Darryl Eugene Smith. Both were indicted for robbery in the first degree and both were found guilty of robbery in the second degree. On appeal, Smith contended that there was a material variance between the indictment and the proof of the offense. This Court stated:
"From the facts, the court could have found both appellants guilty of robbery in the first degree. The court did find each appellant guilty of robbery in the second degree. This would normally not be cause for complaint from an appellant, but appellant Smith states that he could not be convicted of robbery in the second degree since it is not what was charged in the indictment. A defendant may be convicted of a lesser included offense of the offense charged in the indictment. See, Doss v. State, 220 Ala. 30, 123 So. 231 (1929).
"As appellant Smith correctly states, `to be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged.' Payne v. State, 391 So.2d 140, 143 (Ala.Cr. App.), writ denied, 391 So.2d 146 (Ala. 1980), or unless it is so declared by statute.
"Generally, robbery in the second degree is not a lesser included offense of robbery in the first degree. See, Lidge v. State, 419 So.2d 610 (Ala.Cr.App.), writ denied, 419 So.2d 616 (Ala.1982). However, in a limited circumstance, robbery in the second degree can become a lesser included offense. As Judge Bowen stated in Lidge, supra, at 613:
"`Robbery in the second degree is not a lesser included offense of robbery in the first degree unless the robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another. Alabama Code 1975, Sections 13A-8-41, 13A-8-42.'

*731 "In the present case, robbery in the second degree was correctly treated as a lesser included offense of robbery in the first degree."
James, 549 So.2d at 564. Although Smith contended that "robbery in the second degree... [was] not what was charged in the indictment," 549 So.2d at 564, this Court did not discuss or quote the wording of the indictment charging Smith with robbery in the first degree, and we did not address the issue of the sufficiency of the indictment to encompass robbery in the second degree as a lesser-included offense.
Thus, to the extent that there is any inconsistency between our interpretation of Cole, as applied to the facts of the present case, and our holdings in Petway and James, we overrule Petway and James.
As the State correctly contends, the trial court's charge to the jury can effectively amend an indictment. See Ash, 843 So.2d 213. Thus, if, while charging the jury on the elements of robbery in the first degree, the trial court had instructed the jury that an element of robbery in the first degree was the fact that another person was present and participates in the offense, this would have implicitly amended the robbery-in-the-first-degree indictment because "first-degree robbery is broad enough to include such an element." Cole, 842 So.2d at 609; see also Jackson v. State, [Ms. CR-02-1998, January 30, 2004].[*]
However, the trial court did not do that here. Instead, as previously noted, the trial court charged the jury on the elements of robbery in the first degree and the elements of robbery in the second degree and then stated:
"Now, what is the difference between robbery in the first degree and robbery in the second degree? Robbery in the first degree requires the presence of a firearm, that the defendant was armed with a deadly weapon or a dangerous instrument. And robbery in the second degree was that the defendant was aided by another person who was actually present and a firearm or a deadly weapon was not present."
(R. 153.) The trial court's method of charging the jury in this case was tantamount to adding a robbery-in-the-second-degree charge to the indictment, which we have determined to be an improper amendment. See Toliver, 881 So.2d at 1076.[6]
*732 Additionally, we note that although a jury instruction can amend the indictment, the amended indictment must not "violate the Rule 13.5(a) prohibition against `chang[ing] the offense or [] charg[ing] new offenses not contemplated by the original indictment.'" Ash, 843 So.2d at 217. However, in this case, the method used by the trial court to instruct the jury on robbery in the second degree did not properly amend the indictment; rather it "`chang[ed] the offense or [] charg[ed a] new offense[ ] not contemplated by the original indictment.'" Ash, 843 So.2d at 217. As we stated in Toliver, 881 So.2d at 1073:
"To treat the proceedings in this case as if the original first-degree-robbery charge included the additional fact that Toliver was aided in the robbery by another person just because Toliver entered into a plea agreement to amend the first-degree-robbery charge to charge second-degree robbery and pleaded guilty to the amended indictment would disregard the settled principle that one cannot consent to the improper amendment of an indictment. See Ex parte Cole, 842 So.2d at 609."
We see no material distinction between (1) Toliver's request to be permitted to plead guilty to robbery in the second degree and his subsequent guilty plea to robbery in the second degree without properly amending the original indictment charging robbery in the first degree to add the fact that the defendant was aided in the robbery by another person in order to make robbery in the second degree a lesser-included offense and (2) Wright's request that the trial court instruct the jury on robbery in the second degree and the trial court's subsequently charging the jury on robbery in the second degree without properly amending the original indictment charging robbery in the first degree to add the fact that the defendant was aided in the robbery by another person in order to make robbery in the second degree a lesser-included offense. Thus, we find that the indictment in the present case was not properly amended to include robbery in the second degree as a lesser-included offense just because Wright asked for and received a jury instruction on robbery in the second degree.

Conclusion
In light of the foregoing, we find that the trial court lacked jurisdiction to render a judgment or to impose a sentence because the indictment charging robbery in the first degree was never properly amended to add the fact that Wright was aided in the robbery by another person in order to make robbery in the second degree a lesser-included offense. Consequently, we must reverse the trial court's judgment finding Wright guilty of robbery in the second degree.
In doing so, we note that in Ex parte Ziglar, 675 So.2d 543, 545 (Ala.Crim.App. 1996), this Court stated:
"The petitioner was acquitted of the charge of murder when he was convicted of manslaughter in his first trial. The conviction for a lesser included offense is an implied acquittal as to the greater offense. Jeffers v. United States, 432 *733 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977)."
Thus, although robbery in the second degree was not a lesser-included offense in this case, when the jury convicted Wright of robbery in the second degree, he was necessarily acquitted on the robbery-in-the-first-degree charge. On remand, while the State cannot retry Wright on a robbery-in-the-first-degree charge, it can reindict him on a robbery-in-the-second-degree charge because, as the Alabama Supreme Court stated in Ex parte Cole:
"A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy. Dutton v. State, 807 So.2d 596 (Ala.Crim.App.2001), citing Cox v. State, 585 So.2d 182, 192 (Ala.Crim.App.1991). See also Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim.App.1985)."
842 So.2d at 609.
Because we are reversing Wright's conviction and sentence on jurisdictional grounds, we pretermit discussion of the issues he raises on appeal. We remand this cause to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB and BASCHAB, JJ., concur. SHAW, J., concurs specially, with opinion, which McMILLAN, P.J., and WISE, J., join. WISE, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
With some reservations, I concur in the per curiam opinion based on this Court's recent decision in Toliver v. State, 881 So.2d 1070 (Ala.Crim.App. 2003), cert. denied, (No. 1021697, November 21, 2003) ___ So.2d ___ (Ala.2003)(table). However, I write specially to note that if I were writing on a clean slate, I would agree with the State's argument that the factual allegations set out in the indictment in this case should be deemed to have been amended by implication when the State presented evidence indicating that Wright was aided by another person in his commission of the robbery and Wright requested a jury instruction on second-degree robbery. The State's argument appears to be consistent with this Court's decision in Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001), in which I concurred, and related cases, and it is, in my view, more reflective of the practicalities of the day-to-day workings of the criminal trial process.
However, this Court is not writing on a clean slate and has not had the opportunity to do so since the Alabama Supreme Court's decision in Ex parte Cole, 842 So.2d 605 (Ala.2002). In Cole, the Supreme Court held that the factual allegation that the defendant was aided in the commission of the robbery by another person must be included within the indictment charging first-degree robbery in order for second-degree robbery to be a lesser-included offense of first-degree robbery. The Court went on to recognize that Cole's indictment, which did not contain the factual allegation necessary to charge second-degree robbery, could have been, and, in fact, was amended by Cole's guilty plea to second-degree robbery. The Court concluded, however, that Cole's indictment had been improperly amended by the guilty plea to charge second-degree robbery and it reversed Cole's conviction for second-degree robbery based on the lack of subject-matter jurisdiction.
Significantly, however, the Cole Court sent what I view as conflicting signals as to whether it was of the opinion that Cole's guilty plea could have properly amended *734 the indictment if the factual basis for the plea had sufficiently indicated that Cole had been aided in the robbery by another person. On the one hand the Court stated:
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participantan essential element of the offense of second-degree robberythe insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea."
842 So.2d at 609. This statement appears to be consistent with Pless v. State, supra, and it appears to recognize that an indictment charging only first-degree robbery could be deemed amended by implication if the factual basis for a guilty plea is sufficient to support a conviction for second-degree robbery.[7]
After making this statement, the Court noted:
"Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
842 So.2d at 609. To me, this language, when read in conjunction with the rest of the Court's opinion, is subject to different interpretations. It could mean, as the State argues, that Cole's guilty plea to second-degree robbery improperly amended the indictment because the factual basis to support that plea was not sufficient in that it did not indicate that Cole had been aided in the robbery by another person. However, from day one this Court has interpreted this language as requiring some kind of affirmative indication on the record that the first-degree robbery *735 charge as alleged in the indictment was amended to allege the fact that the defendant was aided by another person, so as to avoid what the Supreme Court emphasized must not be an amendment in violation of Rule 13, Ala.R.Crim.P.[8]
Although I had reservations about interpretating Cole in this manner (as did, I believe, other Judges on this Court), I was persuaded to do so primarily because of the Court's ultimate holding in Cole and its instructions on remand. After reversing Cole's conviction for second-degree robbery for lack of subject-matter jurisdiction, the Court stated:
"Because the indictment charging him with first-degree robbery was improperly amended to charge second-degree robbery, Cole's original indictment charging first-degree robbery remains valid. The State may try Cole on this charge, or if the factual circumstances would support a conviction for another degree of robbery, the State may reindict Cole for the proper offense."
842 So.2d at 609 (emphasis added). Although the Court thereafter cited to Pless v. State, supra, it did not do what this Court did in Pless  remand the case for a clarification of the factual basis to see if a sufficient basis could be established to support the plea. Instead, without ever holding that the factual basis was insufficient, or that, based on the record, an adequate factual basis could not be established on remand, the Court ordered that Cole be reindicted for whatever degree of robbery the facts would support  presumably second-degree robbery.
In an attempt to put the case in a better posture for the State to seek certiorari review, I wrote specially in Toliver and urged the Supreme Court to clarify its holding in Cole if this Court was misinterpreting it by refusing to allow a guilty plea to second-degree robbery, with or without an adequate factual basis to support it, to implicitly amend an indictment charging only first-degree robbery. The Alabama Supreme Court unanimously denied certiorari review in Toliver, without comment. Although I recognize that the denial of a writ of certiorari is not an expression on the merits and has no precedential effect, I do believe that this Court has now come too far down the road with respect to this issue to warrant an abrupt change in direction.[9] To me, the per curiam opinion in this case is correct if Toliver is correct. This Court has made every effort to give effect to the Supreme Court's holding in Cole. I urge the State to seek certiorari review of our decision in this case; I once again urge the Alabama Supreme Court to clarify its holding in Cole.
WISE, Judge (concurring specially).
Given the Alabama Supreme Court's holding in Ex parte Cole, 842 So.2d 605 *736 (Ala.2002), this Court has no choice but to reverse Wright's conviction and sentence for second-degree robbery. However, I join the special concurrence of Judge Shaw encouraging the Supreme Court to revisit this issue. I have repeatedly urged the Supreme Court to revisit its holding in Ex parte Cole. See, e.g., Taite v. State, 887 So.2d 311 (Ala.Crim.App.2003) (Wise, J., concurring specially); Childers v. State, 899 So.2d 1023 (Ala.Crim.App.2003) (Wise, J., concurring specially); and Hill v. State, 904 So.2d 327, 330 (Ala.Crim.App.2003) (opinion on return to remand) (Wise, J., concurring specially).
NOTES
[1] It appears from our review of the record that on November 9, 2000, Wright was indicted for the offense of robbery in the second degree; that the date of this offense was March 17, 1999; and that he was arrested for this offense on July 20, 2000. (C. 7.) The record also reflects that on August 31, 2001, Wright was indicted for the offense of robbery in the first degree; that the case action summary lists this as a "reindictment"; that the date of this offense was March 17, 1999; and that he was arrested for this offense on July 20, 2000. (C. 1.)
[2] We note that in the indictment, the victim's name is spelled "Deborah Ratliff." (C. 14.) In the trial transcript, the victim's name is spelled "Debra Ratliff." (R. 34, R. 148.)
[3] Section 13A-1-9(a)(1) states: "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if ... [i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged."
[4] "Toliver's indictment `fails to set forth facts from which one might conclude that [Toliver] was aided in the robbery by another participantan essential element of the offense of second-degree robbery.' Ex parte Cole, 842 So.2d at 609. Although the transcript of the guilty-plea proceedings ... reflects that the prosecutor's factual basis for the plea included the fact that Toliver had been aided by `another man' in the robbery, this fact was not included in the indictment. (C. 19.)"

Toliver, 881 So.2d at 1077 (emphasis added).
[5] We note that the State also cited Ex parte McCall, 594 So.2d 628 (Ala.1991), as supporting this proposition. However, while the present case dealt with a jury charge on robbery in the second degree when Wright had been indicted for robbery in the first degree, McCall dealt with McCall's request to have the jury charged on robbery in the third degree when he had been indicted for robbery in the first degree. It is unclear to this Court why the State cited McCall unless it was for the proposition that "assuming there was any rational basis or reasonable theory upon which McCall could have been convicted of third degree robbery, he was entitled to a charge thereon." McCall, 594 So.2d at 630.
[*] Note from the reporter of decisions: On March 26, 2004, the Court of Criminal Appeals withdrew its January 30, 2004, opinion in Jackson v. State, and substituted a new one.
[6] In Toliver, 881 So.2d at 1076, this Court stated:

"[A]mending a first-degree-robbery charge that does not include the fact that the defendant was aided in the robbery by another person to charge second-degree robbery is improper. We have examined the record in Goetzman [v. State, 844 So.2d 1289 (Ala. Crim.App.2002)] as well as the record in Ex parte Cole; we can find no material difference between the two. In Goetzman, as the circuit court noted in its order on remand, the case action summary indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that Goetzman was aided in the robbery by another person) to charge second-degree robbery.3 However, in Ex parte Cole, the case action summary also indicated that the parties had expressly agreed to amend the first-degree-robbery indictment (which did not include the fact that the defendant was aided in the robbery by another person) to charge second-degree robbery.4 Therefore, our unpublished memorandum affirming the circuit court's order in Goetzman was erroneous.
3 "The case action summary stated: `By agreement of all parties, the D.A., defense attorney, and the defendant, the indictment is amended to read Robbery 2°.' (Goetzman Record, C. 5.)
4 "The case action summary in Ex parte Cole indicated that the parties had agreed to amend the indictment by `adding' a second count to the indictment to charge second-degree robbery; in contrast, the case action summary in Goetzman indicated that the parties had agreed to amend the first-degree-robbery charge itself to charge second-degree robbery, rather than to `add' a second-degree-robbery count to the indictment. This is not a material difference between the cases."
[7] This Court has long held that issues related to the sufficiency of the factual basis for a guilty plea are usually not jurisdictional in nature. See Cochran v. State, 808 So.2d 1226, 1227 (Ala.Crim.App.2000)("`The failure to establish a factual basis for a guilty plea is not jurisdictional.'"); Waddle v. State, 784 So.2d 367, 369 (Ala.Crim.App.2000)("Waddle's contention that the trial court lacked jurisdiction to accept his guilty pleas because, he says, the trial court failed to establish a factual basis for the pleas, is not a jurisdictional claim."); Faulkner v. State, 741 So.2d 462, 466 (Ala.Crim.App.1999)("[I]ssues relating to the factual basis for a guilty plea are not jurisdictional and do not go to a guilty plea's voluntariness."); Teasley v. State, 704 So.2d 104, 105 (Ala.Crim.App.1997)("the failure to establish a factual basis for a guilty plea is not jurisdictional"); Moore v. State, 668 So.2d 100, 102 (Ala.Crim.App.1995)("The failure to establish a factual basis for a guilty plea is not a defect that goes to its voluntariness."). The Cole Court recognized this when it stated that "where the original indictment charging first-degree robbery alleged the facts essential to the lesser-included offense of second-degree robbery, any insufficiency in the factual basis of a guilty plea to the lesser-included offense could not be subsequently attacked for lack of subject-matter jurisdiction." 842 So.2d at 608. However, by acknowledging that when an indictment fails to include the necessary factual allegation to charge second-degree robbery as a lesser-included offense the sufficiency of the factual basis takes on jurisdictional dimensions, the Court seemed to reaffirm the rule in Pless and to recognize that that rule constitutes an exception to the general rule.
[8] The Court stated in Cole that the trial court could have obtained Cole's consent on the record to amend the indictment by adding the factual allegation that he had been aided by another person. This, the Court stated, would have amended the indictment in accordance with the requirements of Rule 13. Although the Court did not specifically discuss it, it appears to me that Rule 13.5(a) would allow the indictment to be amended on the record to include the necessary factual allegation with or without the defendant's consent. Such an amendment would not charge a new offense, and I fail to see how a defendant desiring to plead guilty to second-degree robbery could be prejudiced by it. Furthermore, this Court has held that a proper jury instruction  one charging as an element of first-degree robbery the fact that another person was present and participated in the offense  can amend a first-degree robbery indictment under the rationale of Ash v. State, 843 So.2d 213 (Ala.2002). See Jackson v. State, 889 So.2d 49 (Ala.Crim.App.2004).
[9] In addition to Toliver, this Court has decided a number of cases based on the interpretation of Cole as discussed in Toliver.