After having been indicted for five counts of first-degree robbery, Armando L. Allen, pursuant to a plea agreement, pleaded guilty to three counts of second-degree robbery in August 1993. As part of the plea agreement, the other two counts were dismissed. The trial court sentenced him to 15 years on each count. Allen did not appeal his convictions or sentences.
On July 15, 2004, Allen filed a Rule 32, Ala. R.Crim. P., petition. After the State responded, the circuit court denied Allen's Rule 32 petition in an order on September 15, 2004. This appeal followed.
In his petition, Allen complained that, under Ex parte Cole,842 So.2d 605 (Ala. 2002), his convictions were due to be overturned. Specifically, he claimed that, although he had consented to the amendment of the first-degree robbery indictments, the indictments nonetheless did not allege sufficient facts to support convictions for second-degree robbery in that none of the indictments alleged that he was aided by another person actually present during the robbery. See §13A-8-42(a), Ala. Code 1975. Allen attached copies of the indictments in question to his petition. Allen reiterates this claim on appeal.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White,792 So.2d 1097, 1098 (Ala. 2001).
The indictments charged that Allen
 "[d]id, in the course of committing a theft of a purse, wallet, glasses and/or watch . . . use force against the person of the owner or any person present . . . with intent to overcome her physical resistance or physical power of resistance, or [did] threaten the imminent use of force against the person of the owner or any person present . . . with intent to compel acquiescence to the taking of or escaping with the property, while [Allen] was armed with a deadly weapon or dangerous instrument, a gun . . .[;]
 "[d]id, in the course of committing a theft of wallet and/or debit card . . . use force against the person of the owner or any person present . . . with intent to overcome his physical resistance or physical power of resistance, or [did] threaten the imminent use of force against the person of the owner or any person present . . . with intent to compel acquiescence to the taking of or escaping with the property, while [Allen] was armed with a deadly weapon or dangerous instrument, a gun . . .[; and]
 "[d]id, in the course of committing a theft of purse and/or keys . . . use force against the person of the owner or any person present . . . with intent to overcome her physical resistance or physical power of resistance, or [did] threaten the imminent use of force against the person of the owner or any person present . . . with intent to compel acquiescence to the taking of or escaping with the property, while [Allen] was armed *Page 301 
with a deadly weapon or dangerous instrument, a gun. . . ."
(C. 21-23.)
We addressed a similar argument in King v. State,902 So.2d 736 (Ala.Crim.App.), aff'd, 902 So.2d 738 (Ala. 2004):
 "Here, although the record supports the trial court's finding that King did consent to the amendment of his indictment to charge second-degree robbery, the indictment was not amended to include the allegation that he was aided by another participant in this offense.
 "`Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another.'
 "Howard v. State, 710 So.2d 456, 458 (Ala.Crim.App. 1996).
 "The Alabama Supreme Court has held that an indictment for first-degree robbery must allege that the defendant was aided by another participant in order for second-degree robbery to be a lesser offense of the charged crime.
 "`When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained [the defendant's] consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because [the defendant] pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment.'
 "Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002) (internal citations omitted).
 "`A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. . . . "When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing." Edwards [v. State], 671 So.2d [129,] at 130 [(Ala.Crim.App. 1995)].'
 "Howard, 710 So.2d at 459.
 "Here, although the trial court properly obtained King's consent to amend the indictment, the amendment did not allege the fact that King was aided by another participant in the commission of the robbery. Therefore, because we are bound by the holding in Ex parte Cole, we must find that the trial court lacked jurisdiction to accept King's guilty plea to second-degree robbery, because it constituted an offense not encompassed by his indictment."
King, 902 So.2d at 737-38. *Page 302 
The record before us[1] indicates that this case is similar to King in that the indictments in question originally did not allege that Allen was aided in the commission of the robbery by another person; rather, the indictments were later amended with Allen's consent. However, the amendments did not allege the fact that Allen was aided by another participant in the commission of the robberies. Therefore, we must hold that the trial court did not have jurisdiction to accept Allen's guilty plea in the three cases before us.
The judgment of the trial court denying Allen's Rule 32 petition is reversed. We remand this case for that court to vacate Allen's convictions for second-degree robbery. Allen's original indictments remain valid, and the State may try him on those charges or, if the facts support different charges, reindict him for the proper offenses.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] The entire plea colloquy is contained in the record. The colloquy reflects that Allen consented to amend the indictments to change the first-degree robbery charge to second-degree robbery. However, the colloquy does not reflect that before he consented to the change in the charges, the indictments charging robbery in the first-degree were amended to add the fact that another person aided Allen in the robbery. See Toliver v.State, 881 So.2d 1070, 1077 (Ala.Crim.App. 2003).