McMILLAN, Presiding Judge.
The appellant, Robert William Goswick, filed a Rule 32, Ala. R.Crim. P., petition, attacking his guilty-plea conviction for first-degree burglary and his resulting sentence of 20 years’ imprisonment. Goswick did not appeal his conviction.
In his Rule 32 petition, Goswick argued that the trial court lacked jurisdiction to accept his guilty plea because, he said, the indictment did not charge the offense of first-degree burglary. Goswick bases this claim on the use of the word “building,” rather than “dwelling,” in the indictment. Without requiring a response from the State, the trial court denied the Rule 32 petition on the ground that it was barred by Rule 32.2(a), (b), and (c), Ala. R.Crim. P.[1] This appeal followed.
The record contains the indictment, which charged as follows:
“ROBERT WILLIAM GOSWICK, alias ROBERT WILLIAM GOSWICK, *77 JR., whose trae name is to the Grand Jury unknown otherwise than stated, did knowingly and unlawfully enter or remain unlawfully in a building of, to-wit: Alvin George Spates, with intent to commit a crime therein, to-wit: Assault, and while effecting entry or while in said building or in immediate flight therefrom, said defendant was armed with an explosive or deadly weapon, to-wit: a hammer, in violation of Section 13A-7-5, of the Code of Alabama, against the peace and dignity of the State of Alabama.

“COUNT TWO:

“ROBERT WILLIAM GOSWICK, alias, ROBERT WILLIAM GOSWICK, JR., whose true name is to the Grand Jury unknown otherwise than stated, did knowingly and unlawfully enter or remain unlawfully in a building of, to-wit: Alvin George Spates, with intent to commit a crime therein, to-wit: Assault, and while effecting entry or while in said building or in immediate flight therefrom, said defendant caused physical injury to, to-wit: Alvin George Spates, who was not a participant in the said crime by striking him with a hammer, in' violation of Section 13A-7-5 of the Code of Alabama.... ”
This indictment tracks the statutory language of burglary in the second degree. § 13A-7-7, Ala.Code 1975. The distinguishing element elevating burglary to burglary in the first degree is that the building must be a dwelling thereby elevating the culpability of the perpetrator and severity of the punishment. An indictment for burglary in the first degree must state that the perpetrator “knowingly or unlawfully enter[ed] or remain[ed] unlawfully in a dwelling” ánd, while entering or being in the dwelling the perpetrator or an accomplice is armed with a deadly weapon or explosives, or uses or threatens to use a dangerous instrument, or causes physical injury to someone who is not a participant in the offense.
Because .the indictment clearly charges Goswick with knowingly and unlawfully entering a building, rather than a dwelling, Goswick was charged with burglary in the second degree.[2] The citation in the indictment to § 13A-7-5, Ala.Code 1975, which establishes burglary in the first degree, was surplusage. “Citations of Code sections are treated as mere surplus-age. See Ex parte Bush, 431 So.2d 563, 564 (Ala.), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983).” Dorsey v. State, 881 So.2d 460, 477 (Ala.Crim.App.2001), affirmed in part, reversed in part, 881 So.2d 533 n. 4 (Ala.2003).
Because Goswick could not plead guilty to a charge for which he had not been indicted,[3] the trial court lacked jurisdiction to accept this plea. See, e.g., Williams v. State, [Ms. CR-04-0081, Jan 28, 2005] — So.2d. - (Ala.Crim.App.2005); Allen v. State, 912 So.2d 299 (Ala.Crim.App.2005); Childers v. State, 899 So.2d 1025 (Ala.2004). Therefore, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Although the State did move to dismiss Go-swick’s petition, its response was filed after the trial court issued its order denying the petition.

. See generally, Ryan v. State, 865 So.2d 1239 (Ala.Crim.App.2003).

. Clearly, burglary in the first degree is not a lesser included offense of burglary in the second degree.