The appellant, Norman Deforrest King, appeals from the denial of his Rule 32, Ala. *Page 737 
R.Crim. P., petition. In 1989, King, charged with first-degree robbery, pleaded guilty to a reduced charge of second-degree robbery and was sentenced to life imprisonment. He did not appeal his conviction.
In his Rule 32 petition, King argued that the trial court lacked jurisdiction to accept his guilty plea to second-degree robbery. He claimed that, under the facts of his case, second-degree robbery was not a lesser offense of the indicted charge, first-degree robbery, because he was not aided in the commission of the offense by another person. King further claimed that he did not consent to the amendment of the indictment. The State moved to dismiss, arguing that King's argument was meritless, because the record reflected that the indictment was "amended by agreement." The trial court summarily denied King's Rule 32 petition on the grounds pleaded by the State.
Here, although the record supports the trial court's finding that King did consent to the amendment of his indictment to charge second-degree robbery, the indictment was not amended to include the allegation that he was aided by another participant in this offense.
 "Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another."
Howard v. State, 710 So.2d 456, 458 (Ala.Crim.App. 1996).
The Alabama Supreme Court has held that an indictment for first-degree robbery must allege that the defendant was aided by another participant in order for second-degree robbery to be a lesser offense of the charged crime.
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained [the defendant's] consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because [the defendant] pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002) (internal citations omitted).
 "A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. . . . `When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.' Edwards [v. State], 671 So.2d [129,] at 130 [(Ala.Crim.App. 1995)]."
Howard, 710 So.2d at 459.
Here, although the trial court properly obtained King's consent to amend the *Page 738 
indictment, the amendment did not allege the fact that King was aided by another participant in the commission of the robbery. Therefore, because we are bound by the holding in Ex parteCole, we must find that the trial court lacked jurisdiction to accept King's guilty plea to second-degree robbery, because it constituted an offense not encompassed by his indictment.
The judgment of the trial court denying King's Rule 32 petition is reversed, and this matter is remanded for that court to vacate King's conviction for second-degree robbery. King's original indictment remains valid, and the State may try him on this charge or, if facts support a different charge, reindict him for the proper offense.
REVERSED AND REMANDED.
COBB, BASCHAB, and SHAW, JJ., concur.
WISE, J., concurs specially, with opinion.