902 So.2d 738 (2004)
Ex parte State of Alabama.
In re Rodney WRIGHT
v.
STATE of Alabama and
In re Norman Deforrest King
v.
State of Alabama.
1031031 and 1031217.
Supreme Court of Alabama.
December 10, 2004.
*739 Troy King, atty. gen., and Michael B. Billingsley and Corey L. Maze, asst. attys. gen., for petitioner.
John S. Waddell, Birmingham, for respondent Rodney Wright in case no. 1031031.
Submitted on petitioner's brief only in case no. 1031217.
HOUSTON, Justice.
The State of Alabama petitions this Court for writs of certiorari in two cases in which the Court of Criminal Appeals reversed recent convictions. See Wright v. State, 902 So.2d 720 (Ala.Crim.App.2004), and King v. State, 902 So.2d 736 (Ala. Crim.App.2004). We consolidated the petitions, granted both, and we now affirm.

Facts and Procedural History

A. Rodney Wright
On August 31, 2003, Rodney Wright was indicted for first-degree robbery. At trial, the State presented testimony of the victim indicating that she may have been robbed by two people. Wright requested that the trial court instruct the jury on the lesser-included offense of second-degree robbery. The trial court charged the jury on both first-degree and second-degree robbery. The jury found Wright guilty of second-degree robbery. Wright appealed his conviction to the Court of Criminal Appeals, which requested Wright and the State to address the following question:

*740 "Whether, under the facts of this case, [Wright's] conviction for robbery in the second degree is due to be reversed under the rationale of Ex parte Cole [, 842 So.2d 605] (Ala.2002)."
The Court of Criminal Appeals stated that sufficient evidence existed to support the trial court's charging the jury on second-degree robbery. Further, that court recognized that jury instructions "can effectively amend an indictment." Wright, 902 So.2d at 731 (citing Ash v. State, 843 So.2d 213, 216 (Ala.2002)). However, the Court of Criminal Appeals stated that the trial court's instructions to the jury did not effect an amendment of the indictment in Wright's case, because the trial court in its instructions did not mention that another person was present and aided Wright in the commission of the robbery, an element of second-degree robbery. Consequently, the Court of Criminal Appeals reversed Wright's conviction, stating that the trial court's actions did not properly amend the indictment but instead constituted an improper amendment charging a new offense.

B. Norman Deforrest King
In 1988, Norman Deforrest King was indicted for first-degree robbery. The record does not state whether King acted alone or whether he was aided by another. In 1989, he sought to plead guilty to second-degree robbery. The trial court informed King, who was represented by counsel, of the nature of the charge, and the record indicates that King consented to the amendment. King did not file a direct appeal from this conviction.
On September 3, 2002, King filed a petition pursuant to Rule 32, Ala. R.Crim. P., alleging that the trial court lacked jurisdiction to convict him of second-degree robbery. The trial court dismissed the petition, and King appealed. The Court of Criminal Appeals held that because the indictment was never amended to state that another person aided him in the commission of the robbery, the trial court lacked jurisdiction to accept King's guilty plea. King, 902 So.2d at 737-38. The Court of Criminal Appeals reversed King's conviction.
The State petitioned this Court for a writ of certiorari with respect to each case. We consolidated and granted the petitions to examine the issue whether, in light of this Court's holding in Ex parte Cole, 842 So.2d 605 (Ala.2002), the trial court had subject-matter jurisdiction to convict Wright and King.

Standard of Review
Determining the effect of Ex parte Cole on these cases is a question of law, and we review such questions de novo. Ex parte Peraita, 897 So.2d 1227, 1231 (Ala.2004).

Analysis
Rule 13.5, Ala. R.Crim. P., allows the State to amend an indictment if the defendant consents, with two exceptions. First, the State may not "change" the charged offense, and second, the State may not charge a "new" offense not contemplated by the original indictment. Rule 13.2, Ala. R.Crim. P., however, provides that all lesser offenses included within the charged offense are contemplated by the indictment. A lesser-included offense is defined as, but not limited to, an offense "established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." Ala.Code 1975, § 13A-1-9.
In addition to a formal amendment, an indictment can be informally "amended" by actions of the court or of the defendant. The trial court's act of instructing the jury on charges other than those stated in the indictment effects an "amendment" of the indictment. Ash v. State, 843 So.2d at 216. A defendant's *741 guilty plea to an offense other than that charged in the indictment similarly effects an "amendment" to the indictment. Wingard v. State, 821 So.2d 240, 241-42 (Ala.Crim.App.2001); Fleming v. State, 814 So.2d 310, 311 (Ala.Crim.App.2001). Semantic though it may seem, the issue before us is whether the indictments charging King and Wright with first-degree robbery were properly amended to charge second-degree robbery.
In Ex parte Cole, this Court addressed the issue whether an indictment was properly amended. Cole was indicted for first-degree robbery, but he sought to plead guilty to second-degree robbery. Unlike prior cases decided by our appellate courts,[1] the record in Cole indicated the possibility that Cole was actually aided by another individual. Cole, 842 So.2d at 606-07. We stated in Cole:
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery  the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Cole, 842 So.2d at 609 (emphasis added).
The State's argument hinges on the meaning of the above-quoted language. The State seizes upon our mention in Cole of "the insufficiency of the factual basis for a guilty plea to second-degree robbery." The State argues that this phrase indicates that there must be an actual factual insufficiency before an amendment charging a lesser offense would be improper.
It is clear that in Cole, particularly the text quoted above, this Court did not speak to the sufficiency of the evidence. Instead, our opinion focused upon the failure to "set forth facts" as constituting the "insufficiency of the factual basis." Cole, 842 So.2d at 609. We continued, emphasizing the necessity of Cole's consent "to amend the indictment ... by adding the fact" that he was aided by another person. Cole, 842 So.2d at 609 (emphasis added). Finally, we dismissed treating the indictment hypothetically "as if [it] included that additional fact." Cole, 842 So.2d at 609.
The State's arguments are unpersuasive. It seems clear from the language quoted above from Cole that we specifically required an indictment to be amended, whether formally or informally, by adding any facts necessary to bring the lesser charge within the scope of the indictment. Not only must the record support such a charge, but also more is required  the affirmative act of adding to the indictment a fact supporting the charge.
Because the record in each of the cases before us indicates that the necessary fact *742 was never added to the indictment, we hold that the indictment in each case was improperly amended and thus the trial court failed to secure subject-matter jurisdiction over Wright and King.
As we stated in Cole, the indictments of Wright and King for first-degree robbery remain valid. The State may still try them on those charges, or it may attempt to reindict them for another offense justified by the facts. As we explained in Cole, a conviction that has been held void does not raise double-jeopardy concerns, because jeopardy attaches only when the court obtains jurisdiction. Cole, 842 So.2d at 609.

Conclusion
Because the State never obtained jurisdiction over Wright or King, their convictions are void. We affirm the judgment of the Court of Criminal Appeals.
1031031  AFFIRMED.
NABERS, C.J., and LYONS, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.
SEE, BROWN, and STUART, JJ., dissent.
1031217  AFFIRMED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
BROWN, J., dissents.
JOHNSTONE, Justice (concurring specially).
I concur fully in the main opinion. I write only to add some supporting observations of my own.
Ex parte Cole, 842 So.2d 605 (Ala.2002), recognizes the difference between pleadings and proof. Ex parte Cole recognizes also that, statutorily, second-degree robbery is a different offense from, not a lesser-included offense of, first-degree robbery, because second-degree robbery contains an element  that the defendant was aided by another person  not contained by first-degree robbery. We cannot avoid the effects of these differences without either rewriting the robbery statutes or rewriting Rule 13.5(a), Ala. R.Crim. P., which prohibits amending an indictment "to change the offense or to charge a new offense not contemplated by the original indictment."
Ex parte Cole correctly says that, if a defendant who was, in fact, aided by another person and who has been indicted for first-degree robbery without such an allegation wants to plead guilty to second-degree robbery, the first-degree robbery indictment can be amended to include the allegation that the defendant was aided by another person. Then, second-degree robbery will be a lesser-included offense of the first-degree robbery alleged in the amended indictment.
The conviction in Ex parte Cole was reversed because the first-degree robbery indictment was not so amended. Although the Ex parte Cole prosecutor's proffer of what the evidence would show included the fact that the defendant was aided by another person, this proffer of proof of the offense of second-degree robbery did not constitute an amendment of the pleadings, the indictment, charging the different offense of first-degree robbery.
In case no. 1031031 (Wright), the State asks us to hold that the trial court had jurisdiction to instruct the jury on second-degree robbery even though the defendant was charged with only first-degree robbery without any allegation that he was aided by another person. But this jury instruction was, in effect, only an effort to amend the indictment "to change the offense *743 or to charge a new offense" in violation of Rule 13.5(a). While in case no. 1031031 the State claims that its position is a question of first impression, this Court has already answered in the negative the question of whether a trial court has jurisdiction to instruct the jury on an offense different from (not lesser and included within) the offense alleged in the indictment. Ash v. State, 843 So.2d 213, 216-17 (Ala.2002) ("[A]n amendment [of the indictment effected by a jury instruction] which changes the offense or charges a new offense not contemplated by the original indictment would deprive the trial court of jurisdiction over the different or new offense.").
In case no. 1031217 (King), the State asks us to hold that the trial court could validly amend a first-degree robbery indictment which did not allege that the defendant was aided by another person, to allege second-degree robbery by offense name only and that the trial court obtained jurisdiction thereupon to convict the defendant of second-degree robbery without either allegations or proof that the defendant was aided by another person. The State argues that the decision by the Court of Criminal Appeals to the contrary "conflicts with  or at least represents an unreasonably restrictive reading of  this Court's decision in Ex parte Cole." The facts of King's case, however, favor the defendant even more than the facts of Ex parte Cole (wherein the State did proffer proof that the defendant was aided by another person), and the Court of Criminal Appeals a fortiori followed Ex parte Cole in holding for the defendant. Thus, the decision of the Court of Criminal Appeals in King's case does not conflict with Ex parte Cole.
The importance of Ex parte Cole is that it preserves every person's rights not to be indicted except by a grand jury and not to be prosecuted except upon such an indictment. Rule 13.5(a) is written carefully to preserve these rights and yet to allow an amendment that does not change the offense charged in the indictment and does not charge a new offense not contemplated by the indictment.
SEE, Justice (concurring as to case no. 1031217 and dissenting as to case no. 1031031).
I concur with the main opinion that Norman Deforrest King's indictment for robbery in the first degree does not include facts that support a conviction for robbery in the second degree and that the indictment was not amended to include such facts; therefore, his conviction for robbery in the second degree is not supported by his indictment and is due to be reversed. Therefore, I concur in the main opinion affirming the Court of Criminal Appeals' judgment reversing King's conviction (case no. 1031217). I respectfully dissent, however, from the main opinion insofar as it affirms the judgment of the Court of Criminal Appeals reversing the conviction of Rodney Wright (case no. 1031031).
Wright was indicted for robbery in the first degree, pursuant to § 13A-8-41, Ala.Code 1975.[2] At trial, evidence was introduced *744 that Wright had been aided by another person in the commission of the robbery. The fact that Wright was aided by another person in the robbery brings his crime within the scope of § 13A-8-42, robbery in the second degree.[3] Wright requested that the jury be given an instruction on second-degree robbery and that the jury be told that second-degree robbery is a lesser-included offense to the offense of first-degree robbery. The trial court so instructed the jury. Wright was convicted of second-degree robbery. He now attacks his conviction, arguing that the trial court did not have jurisdiction to convict him of second-degree robbery.
As I noted in my dissent in Childers v. State, 899 So.2d 1025 (Ala.2004), I believe that "[i]n [Ex parte] Cole [, 842 So.2d 605 (Ala.2002),] this Court stated that the trial court, with the defendant's consent, can amend the indictment by adding the facts necessary to make second-degree robbery a lesser-included offense to the offense of first-degree robbery. 842 So.2d at 609."
Here, there was testimony indicating that another person had aided Wright in the robbery. Wright could have objected to this testimony or disputed it; he did not. Instead, he requested an instruction for second-degree robbery. Therefore, the facts necessary to support a conviction for second-degree robbery were added to the record with Wright's consent. As is proper under the procedure outlined in Cole, the necessary facts, in the form of testimony, were added to the record, and Wright consented to the informal amendment of his indictment. Therefore, I believe that Wright's conviction for robbery in the second degree should be affirmed, and I respectfully dissent from the holding of the main opinion in Wright's case, which affirms the Court of Criminal Appeals' reversal Wright's conviction.
STUART, Justice (concurring as to case no. 1031217 and dissenting as to case no. 1031031).
I disagree with the majority's interpretation of Ex parte Cole, 842 So.2d 605 (Ala.2002), and its application to these cases.
I read Cole to require that for the trial court to maintain its subject-matter jurisdiction when an indictment is amended to charge a lesser-included offense, the record must support each of the elements of the lesser offense by the addition of facts to the original indictment, by the facts as developed at trial, by the testimony of the defendant at the guilty-plea proceeding, or by the facts presented in the factual basis of a guilty-plea proceeding.
In Cole, the indictment was amended to charge second-degree robbery, which requires that the person committing the robbery be "aided by another person actually *745 present." § 13A-8-42, Ala.Code 1975. Nothing in the record established that Cole was "aided by another person actually present" when he committed the robbery. The only reference to the possible presence of another participant could be found in the factual basis for the guilty plea, which provided that Cole "and another went" to a certain residence. The rest of the factual basis focused on Cole and did not establish that the other person was present at the time of the offense and aided Cole in the commission of the robbery  a required element of second-degree robbery. Therefore, I concluded that the mere reference in the factual basis to "another" who went with Cole did not adequately support that element of second-degree robbery. Because the record did not establish the elements of second-degree robbery, I agreed that Cole's conviction was void.
I did not interpret the Court's holding, as the majority does today, as requiring that an indictment be factually amended to bring the lesser charge within the scope of the indictment. If the record supports the lesser-included offense, the requirement of the affirmative act of adding a fact to the indictment elevates form over substance and is nonsensical.
Because the record in Wright clearly supported the charge of second-degree robbery, Wright requested that the trial court instruct the jury on second-degree robbery, and the trial court did so.[4] The evidence established each of the elements of second-degree robbery; I maintain that second-degree robbery was a lesser-included offense subsumed within the offense of first-degree robbery charged in the original indictment and that the trial court's instruction on second-degree robbery was necessary and did not divest that court of subject-matter jurisdiction. Therefore, I conclude that Wright's conviction is not void and the judgment of the Court of Criminal Appeals should be reversed.
I agree with the majority that the trial court did not have subject-matter jurisdiction to accept King's guilty plea. I can find nothing in the pleadings or in the record to establish the elements of second-degree robbery; therefore, I conclude that the trial court did not have subject-matter jurisdiction to accept King's plea and that King's conviction is void.
NOTES
[1] See, e.g., Williams v. State, 823 So.2d 1285 (Ala.Crim.App.2001); Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001); and Marks v. State, 791 So.2d 1062 (Ala.Crim.App.2000).
[2] Section 13A-8-41, Ala.Code 1975, provides:

"(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
"(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
"(c) Robbery in the first degree is a Class A felony."
Section 13A-8-43 provides:
"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
"(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking or escaping with the property.
"(b) Robbery in the third degree is a Class C felony."
[3] Section 13A-8-42, Ala.Code 1975, provides:

"(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present.
"(b) Robbery in the second degree is a Class B felony."
[4] I note that this instruction benefited Wright because it allowed the jury to find him guilty of second-degree robbery, a Class B felony, instead of first-degree robbery, a Class A felony.