925 So.2d 232 (2005)
Ex parte State of Alabama.
(In re Robert James BRADLEY
v.
STATE of Alabama).
1040558.
Supreme Court of Alabama.
October 7, 2005.
*233 Troy King, atty. gen., and Stephanie N. Norman and Jean-Paul M. Chappell, asst. attys. gen., for petitioner.
Steven T. Speakman, Auburn, for respondent.
HARWOOD, Justice.
Robert James Bradley was indicted for robbery in the first degree under § 13A-8-41(a)(1), Ala.Code 1975 (person committing the robbery is armed with a deadly weapon or dangerous instrument), and for attempted murder. At his trial he was found guilty of reckless endangerment as a lesser-included offense of the charge of attempted murder and of assault in the second degree under § 13A-6-21(a)(2), purportedly as a lesser-included offense of the charge of robbery in the first degree. He was sentenced to one year in the Mobile County jail on the reckless-endangerment conviction and to life imprisonment, as a habitual felony offender, on the conviction for assault in the second degree. He subsequently appealed his second-degree-assault conviction and sentence, but he did not appeal the conviction for reckless endangerment.
*234 Bradley's trial counsel was allowed to withdraw, and new counsel appointed to represent Bradley on appeal; that attorney filed a "no merit" brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested permission to withdraw as Bradley's counsel. On May 5, 2004, the Alabama Court of Criminal Appeals granted that request, appointed as successor appellate counsel the attorney presently representing Bradley, and directed that attorney to file a brief addressing the following pertinent question:
"In light of Powell v. State, 624 So.2d 220 (Ala.Crim.App.1993), is second-degree assault under § 13A-6-21(a)(2), Ala.Code 1975, the crime for which the appellant was convicted, a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1), Ala.Code 1975, the crime for which the appellant was indicted?"
The Court of Criminal Appeals issued an opinion on Bradley's appeal on October 1, 2004, holding that "second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1)" and that, consequently, "the trial court lacked jurisdiction to adjudge Bradley guilty of second-degree assault based on the indictment charging robbery in the first degree"; it reversed Bradley's conviction and sentence for second-degree assault. Bradley v. State, 925 So.2d 221, 226 (Ala.Crim.App.2004). Additionally, the Court of Criminal Appeals stated: "Moreover, the jury's verdict finding Bradley guilty of second-degree assault effectively acquitted Bradley of first-degree robbery as charged in the indictment; thus, Bradley cannot be retried for robbery in the first degree." Id. The State applied for rehearing as to both the holding that assault in the second degree was not a lesser-included offense of robbery in the first degree and the holding that Bradley could not be retried for the offense of robbery in the first degree. The Court of Criminal Appeals overruled the application for rehearing on January 7, 2005, but extended its original opinion to explain:
"We did not hold that second-degree assault under § 13A-6-21(a)(2) can never be a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1); our holding was that, under the facts in this particular case, second-degree assault under § 13A-6-21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) as charged in Bradley's indictment. We agree with the State that the evidence introduced at trial in this case established an assault; however, the facts necessary to support that charge were not alleged in Bradley's indictment, as was the case in Ex parte Jordan [, 486 So.2d 485 (Ala.1986)]."
Bradley v. State, 925 So.2d 221, 227 (Ala. Crim.App.2004) (opinion on rehearing).
The Court of Criminal Appeals did not address in its opinion on rehearing the State's separate contention that, even if assault in the second degree was not a lesser-included offense of robbery in the first degree under the particular subdivisions of the respective Code sections at issue, an implied acquittal for robbery in the first degree had occurred so that Bradley could not be retried for that offense.
Subsequently, the State filed a petition for a writ of certiorari with this Court, challenging only the holding of the Court of Criminal Appeals that Bradley had been effectively acquitted of the offense of first-degree robbery and could not be retried for that offense. The State asserted that the holding of the Court of Criminal Appeals conflicted with a statement by this *235 Court in Wright v. State, 902 So.2d 738 (Ala.2004). In Wright, this Court, after holding that, under the particular circumstances of each of the two cases consolidated for certiorari review, a charge of second-degree robbery was not available as a lesser offense included in the charge of first-degree robbery, concluded that the original indictments in each case charging first-degree robbery remained valid and that the State "may still try [the two defendants] on those charges, or it may attempt to reindict them for another offense justified by the facts." Wright, 902 So.2d at 742. We granted the State's petition solely to review the single issue whether the Court of Criminal Appeals erred in concluding that the jury's verdict finding Bradley guilty of second-degree assault effectively acquitted him of the charge of first-degree robbery, so that Bradley cannot be retried on the robbery-in-the-first-degree charge. It is to be noted that the State does not seek review of the Court of Criminal Appeals' holding that second-degree assault under § 13A-6-21(a)(2) was not a lesser-included offense of first-degree robbery under § 13A-8-41(a)(1) as charged in Bradley's indictment. We affirm.
The record reveals that immediately following the evidentiary stage of the trial, the trial judge conducted a charge conference with counsel, and, in the process, solicited their views as to appropriate lesser-included offenses with respect to both charged offenses. With respect to the charge of first-degree robbery predicated on § 13A-8-41(a)(1), Ala.Code 1975, Bradley's attorney requested a charge on assault in the third degree as a lesser-included offense. The assistant district attorney prosecuting the case advised the court that the State was not requesting any lesser offenses to the charged offense of robbery in the first degree, and he expressed the opinion that the facts of the case would not accommodate third-degree assault as a lesser-included offense. However, after the judge expressed his view that third-degree assault could be a lesser-included offense of first-degree robbery, the assistant district attorney took the position that if an instruction on assault was going to be given, it should be predicated on § 13A-6-21(a)(2), under which a person commits the crime of assault in the second degree if, with intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. The State requested that the court charge the jury only on assault in the second degree, and not assault in the third degree, given the evidence. When asked to comment about the propriety of charging the jury on second-degree assault as requested by the State but not on third-degree assault, counsel for Bradley expressed his opinion that whether the facts supported a finding of guilty as to second-degree or third-degree assault "would be a jury question" and that the jury should be allowed to chose between second- and third-degree assault based on its view of the evidence. The judge elected to charge the jury on both second-degree assault under § 13A-6-21(a)(2) and third-degree assault under § 13A-6-22(a)(1).
During the trial judge's subsequent charge to the jury, he explained the elements of robbery in the first degree as charged in the indictment. He then further charged the jury:
"If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of robbery in the first degree as charged in that indictment, then you shall find [Bradley] guilty of robbery in the first degree.

*236 "If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of robbery in the first degree, then you cannot find [Bradley] guilty of robbery in the first degree.
"In that event, you would move to consideration of the lesser included charge of assault in the second degree relative to the alleged victim named in this indictment. . . ."
The court then proceeded to charge the jury concerning the relevant elements of assault in the second degree, thereafter explaining:
"If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of assault in the second degree as a lesser included offense, then you cannot find [Bradley] guilty of assault in the second degree.
"In that event, you would turn to a consideration of the final potential lesser included charge in the robbery first degree indictment, that of assault third degree."
The judge next charged the jury concerning the relevant elements of the offense of assault in the third degree.
The verdict form submitted to the jury with respect to the charge of robbery in the first degree provided four options: (1) finding Bradley "guilty of the offense of robbery in the first degree as charged in the indictment"; (2) finding Bradley "guilty of the offense of assault in the second degree as a lesser-included offense of that charged in the indictment"; (3) finding Bradley "guilty of the offense of assault in the third degree as a lesser-included offense of that charged in the indictment"; or (4) finding Bradley "not guilty." A signature blank for the foreperson was provided under each of the four separate verdicts. In subsequently announcing the verdict of the jury, the foreperson stated that the jury found Bradley "guilty of the offense of assault in the second degree as a lesser-included offense of that charged in the indictment" and signed his name on the signature blank associated with that verdict.
The holding and analysis of the United States Supreme Court in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), as further explicated in Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), controls the outcome of this appeal.
In Green, the defendant was indicted for murder in the first degree; the trial judge instructed the jury that it could find him guilty of either that offense or murder in the second degree, as a lesser-included offense. The jury found Green guilty of murder in the second degree, but its verdict was silent as to the charge of murder in the first degree. Green appealed the conviction and obtained a reversal on the basis that the charge of murder in the second degree was not supported by the evidence. On retrial, he was convicted of first-degree murder. The Supreme Court reversed that conviction, holding that it violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The Court explained:
"Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder. But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or *237 another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. Wade v. Hunter, 336 U.S. 684 [(1949)]. In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: `We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'"
355 U.S. at 190-91, 78 S.Ct. 221 (footnote omitted).
In Price, the defendant's murder trial resulted in a verdict finding the defendant guilty of the lesser-included offense of voluntary manslaughter; the verdict form was silent as to the murder charge. The defendant successfully appealed the conviction, but he was then tried again for murder. The second trial also resulted in a conviction for voluntary manslaughter, but a unanimous Supreme Court reversed the conviction, holding that the defendant should not have been exposed to a second prosecution for murder. "[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." 398 U.S. at 329, 90 S.Ct. 1757 (footnote omitted). The Court held that even though the defendant was convicted only of voluntary manslaughter at his second trial, the error in retrying him on the murder charge could not be disregarded as harmless because the protection of the Double Jeopardy Clause "is cast in terms of the risk of hazard of trial and conviction, not the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly." 398 U.S. at 331, 90 S.Ct. 1757 (footnote omitted).
The jury verdict at the conclusion of Bradley's trial represented more than an implicit acquittal of the charge of robbery in the first degree; under the instructions by which the jury was bound, its verdict included an explicit acquittal with respect to the offense of robbery in the first degree. The jury was instructed that only if it found that the State had failed to prove all of the elements of robbery in the first degree, so that the jury could not find Bradley guilty of that offense, should it "[i]n that event, . . . move to consideration of the lesser included offense of assault in the second degree." "The law is well settled that this Court will presume that the jury followed the trial court's instructions unless there is evidence to the contrary." Wootten v. Ivey, 877 So.2d 585, 590 (Ala. 2003). The verdict form, which listed in descending order the available verdict options by which Bradley could be found guilty of robbery in the first degree, assault in the second degree, or assault in the third degree or be found simply "not guilty," conformed to the jury instructions, so that the verdict form contained no option that stated that Bradley was not guilty of robbery in the first degree. The verdict of not guilty of first-degree robbery was an explicit condition precedent, under the trial court's instructions, to the jury's proceeding to consider the offenses of assault in the second and third degrees. Accordingly, proceeding under those instructions *238 and using the conforming verdict form, the jury clearly declared by its verdict that it had found Bradley not guilty of the offense of robbery in the first degree.
The State argues that Green is distinguishable because in it the defendant was convicted of a legitimately available lesser-included offense and that conviction was reversed only because the evidence was insufficient, whereas the offense Bradley was convicted of was not a lesser-included offense to the charged offense. Based on that distinction, the State reasons:
"Consequently, because assault in the second degree was not a lesser-included offense of Bradley's charged offense, the trial court lacked the jurisdiction to convict him of that offense and erroneously instructed the jury on assault in the second degree. [Bradley v. State, 925 So.2d 221, ___ (Ala.Crim.App.2004)]. The jury never should have been able to consider the assault charge because it was not included in Bradley's indictment; therefore, it should not act as an implied acquittal of the robbery in the first degree charge, and the State should be allowed to try Bradley again for the original charge.
"In Brown v. Ohio, 432 U.S. 161, 166 (1977), the Supreme Court noted that the test for determining whether the State violated Brown's double jeopardy rights for successively prosecuting him for auto theft after convicting him of joyriding is whether `each provision requires proof of an additional fact which the other does not[.]' Id. (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). The Court held that `the lesser offense [of] joyriding requires no proof beyond that which is required for conviction of the greater auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.' Id. at 168. In United States v. Dixon, 509 U.S. 688, 706-711 (1993), the Court made clear that the Blockburger test is the only test for determining whether double jeopardy principles are violated.
"Robbery in the first degree under Section 13A-8-41(a)(1) requires the taking of property, which is not required to prove assault in the second degree; similarly, assault in the second degree requires proof of a physical injury, which is not a required element of robbery in the first degree, as charged under Section 13A-8-41(a)(1). Therefore, the Blockburger test is not met, and the State will not violate Bradley's double jeopardy rights by retrying him for robbery in the first degree."
(State's reply brief, pp. 5-6.)
Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), however, is not on point, because Bradley does not contend that the jury verdict finding him guilty of assault in the second degree serves to bar a second prosecution for the "same offense." Rather, he relies on the effect of the determination by the jury, before it was permitted under the governing instructions to reach a verdict concerning the offense of assault in the second degree, that Bradley was not guilty of robbery in the first degree.
The State argues that this Court held in Wright v. State, 902 So.2d 738 (Ala.2004), that under procedural circumstances such as exist in this case the original indictment remains valid, and the State may try the defendant under it, or it may attempt to reindict him for another offense justified by the facts.
In Wright, we granted the State's petitions for a writ of certiorari in two cases  Wright v. State, 902 So.2d 720 (Ala.Crim. *239 App.2004), and King v. State, 902 So.2d 736 (Ala.Crim.App.2004). In each case, the defendant had been indicted for first-degree robbery. King had pleaded guilty to second-degree robbery, supposedly a lesser-included offense. Wright had proceeded to trial, but had persuaded the trial judge that under the evidence in his case second-degree robbery represented a lesser-included offense; therefore, the trial judge gave Wright's requested written jury instruction to that effect. The trial judge charged the jury on both robbery in the first degree and robbery in the second degree, and the jury found Wright guilty of robbery in the second degree. King and Wright each subsequently challenged as void his conviction of second-degree robbery, under this Court's holding in Ex parte Cole, 842 So.2d 605 (Ala.2002), because the indictments in both instances contained facts charging only robbery in the first degree and were never properly amended to include the factual averment necessary to accommodate recognition of robbery in the second degree as a lesser-included offense of first-degree robbery.
In Cole, the defendant had been originally indicted for first-degree robbery and first-degree assault but had been allowed to plead guilty to second-degree robbery, presumably as a lesser-included offense, and first-degree assault. Cole subsequently challenged only his conviction for second-degree robbery. The indictment alleged facts describing only a first-degree robbery in which the defendant had acted alone; it was never amended to include the factual averment required for second-degree robbery  that the defendant was aided by another person actually present. See § 13A-8-42, Ala.Code 1975. "Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element." Cole, 842 So.2d at 609. Determining that the conviction for second-degree robbery had to be reversed because it did not represent a lesser-included offense under the indictment as drafted, this Court stated:
"Because the indictment charging him with first-degree robbery was improperly amended to charge second-degree robbery, Cole's original indictment charging first-degree robbery remains valid. The State may try Cole on this charge, or if the factual circumstances would support a conviction for another degree of robbery, the State may reindict Cole for the proper offense. See Williams v. State, 823 So.2d 1285 (Ala. Crim.App.2001); Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001); Marks v. State, 791 So.2d 1062, 1064 (Ala.Crim. App.2000). A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy. Dutton v. State, 807 So.2d 596 (Ala.Crim.App.2001), citing Cox v. State, 585 So.2d 182, 192 (Ala.Crim.App.1991). See also Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim. App.1985)."
842 So.2d at 609.
In Wright, after similarly concluding that the indictments in Wright's case and in King's case had not been properly amended so as to afford the trial court subject-matter jurisdiction over the potentially available lesser-included offense of robbery in the second degree in each case, so that each conviction for second-degree robbery was void, this Court declared:
"As we stated in Cole, the indictments of Wright and King for first-degree robbery remain valid. The State may still *240 try them on those charges, or it may attempt to reindict them for another offense justified by the facts. As we explained in Cole, a conviction that has been held void does not raise double-jeopardy concerns, because double jeopardy attaches only when the court obtains jurisdiction. Cole, 842 So.2d at 609."
902 So.2d at 742.
This statement was completely correct as to King, because King, like Cole, had pleaded guilty to the purportedly lesser-included offense of second-degree robbery with the result that, because the trial court never obtained jurisdiction over that charge, the original indictment charging first-degree robbery remained valid. As the Court of Criminal Appeals explained in Hammond v. State, 665 So.2d 970, 974 (Ala.Crim.App.1995):
"The original capital murder-robbery indictment in this case was a valid indictment. In carrying out the plea agreement, the state attempted to amend the indictment by adding a separate count charging `solicitation to distribute a controlled substance,' Ala.Code 1975, § 13A-12-202. The amendment purporting to add this charge was void. An indictment may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988); Ala. R. Cr. P. 13.5. In this case, the added charge is a substantial change from the indictment returned by the grand jury and charges a new offense not included in the original charge. Thus, all proceedings stemming from the amendment of the indictment had no legal effect and were void."
(Emphasis added.)
Wright, having been convicted after a trial, represents a different situation. Unlike the jury instructions in Bradley's case, however, the jury instruction in Wright's case did not require the jury to determine Wright's guilt as to the charge of robbery in the first degree before proceeding to consider the charge of robbery in the second degree; rather, the jury instruction simply made both charges equally available to the jury, without requiring disposition of one as a precondition to addressing the other. Wright v. State, 902 So.2d at 723-25. Also, Wright himself led the trial judge into the error of believing that robbery in the second degree was a lesser-included offense of robbery in the first degree under the allegations of the indictment charging robbery in the first degree and therefore persuaded the trial judge to give Wright's requested jury charge to the effect that the jury could find Wright guilty of robbery in the second degree if the evidence established, among other things, that Wright was aided in the robbery by another person who was actually present. 902 So.2d at 724.
The procedural circumstances of Bradley's case are such that, as explained above, he was expressly acquitted of the offense of robbery in the first degree. Under the broader holding of Green, however, Wright, whether or not impliedly acquitted of robbery in the first degree, was "in direct peril of being convicted and punished" for that charge because the jury "was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so." Green, 355 U.S. at 190-91, 78 S.Ct. 221. Consequently, under the holding of Green, Wright's "jeopardy for [first-degree robbery] came to an end when the jury was discharged so that he could not be retried for that offense." Green, 355 U.S. at 191, 78 S.Ct. 221. The conclusion expressed by the Court of Criminal Appeals *241 in Wright v. State, supra, that, "[o]n remand, while the State cannot retry Wright on a robbery-in-the-first-degree charge, it can reindict him on a charge of robbery-in-the-second-degree charge," 902 So.2d at 733, would seem to be in accord with the holding of Green although it does not cite Green.
The holding of Green was never advanced by the parties to this Court during our certiorari review of the decision of the Court of Criminal Appeals, and it is likely that this Court was influenced in its statement concerning the scope of a retrial of Wright's case by its recognition that the doctrine of invited error might well preclude Wright from asserting a double-jeopardy bar. As a general proposition, a defendant may not assume inconsistent positions in the trial court and the appellate court and will not be permitted to allege as error an action that was a natural consequence of his own actions. Melson v. State, 775 So.2d 857, 874 (Ala.Crim.App. 1999), aff'd, 775 So.2d 904 (Ala.2000). Although invited error does not serve to prevent recognition of a jurisdictional impediment, it may serve to deprive a defendant of a defense of double jeopardy. See Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Nonetheless, under our holding today, a defendant who proceeds to the conclusion of a criminal trial in which the jury, under instructions paralleling those given at Bradley's trial, expressly finds the defendant not guilty of the offense charged in the indictment, but finds him guilty of an offense not contemplated by the indictment, resulting in a void conviction, may not be retried for the charged offense of which he has been acquitted.
The State argues, alternatively, that Bradley invited the error associated with giving the jury instruction on assault in the second degree,
"by requesting an erroneous jury instruction on assault in the third degree. After his request, the State asked the trial court to charge the jury on assault in the second degree under 13A-6-21(a)(2). Bradley consented to the requested second-degree assault instruction. While one cannot consent to lack of subject-matter jurisdiction or invite a jurisdictional error, see Flannigan v. Jordan, 871 So.2d 767, 768 (Ala.2003), a defendant, can, by his actions, waive his right against double jeopardy. See Jeffers v. United States, 432 U.S. 137, 153-54 (1977), overruled on other ground by Jeffers v. Chandler, 253 F.3d 827 (5th Cir.2001).[1]"
(State's brief, p. 14.)
The State also cites Phillips v. State, 527 So.2d 154, 156 (Ala.1988), for the proposition that "[u]nder the doctrine of invited error, a defendant cannot by his own voluntary *242 conduct invite error and then seek to profit thereby," and Tuscaloosa County v. Jim Thomas Forestry Consultants, Inc., 613 So.2d 322 (1992), and Phillips v. Anesthesia Services, P.C., 565 So.2d 127 (Ala. 1990), for the proposition that a defendant cannot claim error based on a jury instruction requested by the defendant.
The charge-conference discussions among the trial judge, counsel for Bradley, and counsel for the State that gave rise to the decision by the trial judge to consider second-degree and third-degree assault lesser-included offenses under the indictment charging robbery in the first degree and to charge the jury accordingly, were as follows: The trial judge asked Bradley's lawyer what lesser-included offenses he was asking that the jury be charged as to, with respect to the offenses of attempted murder and robbery in the first degree. As to the robbery charge, Bradley's lawyer suggested "assault third, reckless endangerment, and menacing." When the trial judge similarly asked the State about lesser-included offenses, the assistant district attorney suggested assault in the second degree, but, when the judge explained that he was focusing at that point just on the attempted-murder indictment, the assistant district attorney corrected his suggestion by stating: "Actually that was on the robbery, I suppose." When the trial judge subsequently returned the discussion to a consideration of appropriate lesser-included offenses under the indictment charging robbery in the first degree, counsel for the State stated: "I think assault second degree could be. . . ." At that point the trial judge interrupted to inquire about the applicability of robbery in the third degree as a lesser-included offense and counsel for the State acknowledged that, although third-degree robbery could be a lesser-included offense of first-degree robbery under certain scenarios, it was not available under the evidence presented because in this case there was "the use of a gun,. . . a deadly weapon." The trial judge was eventually persuaded not to charge the jury on robbery in the third degree as a lesser-included offense to robbery in the first degree.
The trial judge then returned to a consideration of assault in the third degree as a lesser-included offense of the first-degree-robbery charge. Noting that the defendant had proposed that the jury be charged on that lesser-included offense, the court asked the assistant district attorney: "Before I reach what the Defense requests, does the State feel that the jury should be charged on any other possible lesser-included offenses in the robbery-first indictment?" Counsel for the State advised, "[N]o sir, we do not request any lesser-included offenses." The court and counsel then turned their attention to the charge requested by the defense on assault in the third degree, and when the trial judge asked the assistant district attorney if he thought that offense applied and received a negative response, he asked "why?" The assistant district attorney responded: "[B]ecause assault third requires either an assault without the use of a weapon, or assault with a weapon through criminal negligence." This analysis implicated the elements of assault in the third degree, which is defined by statute:
"(a) A person commits the crime of assault in the third degree if:
"(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
"(2) He recklessly causes physical injury to another person; or
"(3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or

*243 "(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person."
Ala.Code 1975, § 13A-6-22.
The assistant district attorney was contrasting those elements with the particular prong of second-degree assault he subsequently stated was applicable: "A person commits the crime of assault in the second degree if the person . . . [w]ith intent to cause physical injury to another person,. . . causes physical injury to any person by means of a deadly weapon or dangerous instrument." § 13A-6-21(a)(2).
Counsel for the State went on to explain that under the evidence Bradley could not be guilty of third-degree assault under § 13A-6-22(a)(1) because "the listed victim in the robbery case was assaulted with a weapon, the clip of the gun"; he also explained that under the evidence Bradley could not be guilty of assault in the third degree under § 13A-6-22(a)(2) or (3) because he acted neither recklessly nor with criminal negligence; Bradley's assault on the victim, the assistant district attorney insisted, was undisputably intentional.
It is to be noted that counsel for the State did not argue that assault in the third degree was not a lesser-included offense available under the averments of the indictment; he argued only that the evidence contradicted all of the factual scenarios for assault in the third degree spelled out by § 13A-6-22. Bradley's lawyer argued that the jury could find the facts to be such that third-degree assault would be available, because the evidence as to how the victim was injured during his scuffle with Bradley was not conclusive and the victim "at best, was injured by a clip from a gun," which would not qualify as a physical injury "by means of a deadly weapon or a dangerous instrument" under § 13A-6-21(a)(2); further, Bradley's attorney argued that the jury could conclude that the injury to the victim was recklessly caused. At the end of these discussions the trial judge expressed the belief that under the evidence assault in the third degree could be a lesser offense included in the charge of robbery in the first degree. The assistant district attorney then expressed the view that if an assault charge was going to be given, a charge on assault in the second degree would better fit the circumstances, although he reiterated that the State was not, in the first instance, requesting a charge on any lesser-included offenses. Nonetheless, he argued, assault in the second degree would be the more appropriate lesser-included offense "because assault second degree instructs the jury about an assault using a deadly weapon or dangerous instrument." Being thus directed to charge on assault in the second degree under § 13A-6-21(a)(2), the trial judge asked the assistant district attorney: "[D]o you contend that applies" to which the assistant district attorney responded, "[Y]es, sir." When the trial judge again stated that he planned to charge on third-degree assault, he asked if the State was still requesting a charge on second-degree assault and received an affirmative response, with the clarifying explanation that the State was actually asking that a charge on second-degree assault "be given in lieu of the assault third degree instruction because of the presence of a deadly weapon or dangerous instrument during the assault" and the inapplicability under the evidence of "any of the prongs of assault third."
In the end, the trial judge announced that he was going to charge the jury on third-degree assault as a lesser-included offense, but only under § 13A-6-22(a)(1), and he confirmed that under those circumstances the State requested that the jury be charged on second-degree assault under *244 § 13A-6-21(a)(2). Asked if he had "a comment about that," Bradley's counsel stated that he thought "that would be a jury question," with the instructions proposed by the trial court giving the jury "a choice between second and third, then they have to decide whether the injury was caused by an instrument, [and] if there was any requisite intent."
Given the particular evolution of the discussions among the court and counsel, we cannot agree with the State that the positions taken by Bradley resulted in invited error sufficient to constitute a waiver by Bradley of the protection afforded by the Double Jeopardy Clause. Although our decision in Ex parte Cole, supra, was issued on March 15, 2002, neither the implications of Cole nor the availability of charges on lesser-included offenses to robbery in the first degree were raised by either the State or Bradley; each simply argued whether the elements of third-degree assault and second-degree assault were proven under the evidence presented, rather than alerting the trial judge to the possibility that both degrees of assault under discussion required an element, in the form of physical injury, not contemplated by robbery in the first degree as charged under § 13A-8-41(a)(1).
We cannot say that Bradley's attorney was in error when he argued that under the evidence the jury could conclude that the physical injury to the victim was not caused by a deadly weapon or a dangerous instrument. The victim testified that the injury to his head was inflicted when he and his brother were wrestling with Bradley at a point when Bradley had his pistol in one hand and the ammunition clip to it in his other hand and "used the clip to hit [the victim's] head." The State's argument in that regard was that because third-degree assault required "an assault without the use of a weapon" and because the victim "was assaulted with a weapon, the clip of a gun," second-degree assault "would fit the circumstances better," i.e., the physical injury was caused by means of a deadly weapon or dangerous instrument. Under the circumstances shown, however, it would be up to the jury to determine whether the pistol clip, held by Bradley in one hand separately from the pistol he was holding in his other hand, would qualify as a deadly weapon or dangerous instrument. Section 13A-1-2(5) and (7) give the following definitions for those terms:
"(5) Dangerous Instrument. Any instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is highly capable of causing death or serious physical injury. The term includes a `vehicle,' as that term is defined in subdivision (15)."
"(7) Deadly Weapon. A firearm or anything manifestly designed, made, or adapted for the purposes of inflicting death or serious physical injury. The term includes, but is not limited to, a pistol, rifle, or shotgun; or a switch-blade knife, gravity knife, stiletto, sword, or dagger; or any billy, black-jack, bludgeon, or metal knuckles."
(Emphasis added.)
Consequently, the error into which the trial court was led  of understanding the assault charges to be potential lesser-included offenses to the offense of first-degree robbery charged in the indictment, depending only on the view taken of the evidence  was "invited" equally by both sides; Bradley was not "solely responsible" for it, to use the language of Jeffers v. United States, supra. Although the State is correct that Bradley "prompted" the discussions of the two degrees of assault as lesser-included offenses to the charged offense *245 of first-degree robbery, and the State clearly indicated that it was not, on its own initiative, requesting any instructions on assault as a lesser-included offense, the State and Bradley erred equally in assuming, without analyzing, that second-degree assault and third-degree assault were contemplated by the indictment charging first-degree robbery and arguing to the court only whether the evidence supported any of the alternative factual scenarios spelled out by §§ 13A-6-21 and -22, respectively. The position taken by Bradley was not invited error of such magnitude as to constitute a waiver by him of the double-jeopardy defense spotted by the Court of Criminal Appeals.
For the reasons explained above, we affirm the decision of the Court of Criminal Appeals that "the jury's verdict finding Bradley guilty of second-degree assault effectively acquitted Bradley of first-degree robbery as charged in the indictment; thus, Bradley cannot be retried for robbery in the first degree."
AFFIRMED.
NABERS, C.J., and SEE, BOLIN, and PARKER, JJ., concur.
LYONS, WOODALL, STUART, and SMITH, JJ., concur in the result.
STUART, Justice (concurring in the result).
I agree with the majority that, in light of the sole issue presented by the State for certiorari review and applying the law as it stands today to the facts of this case, the judgment of the Court of Criminal Appeals holding that Bradley cannot be retried for first-degree robbery is due to be affirmed.
Today's holding is a consequence of this Court's holdings in Ex parte Cole, 842 So.2d 605 (Ala.2002), Wright v. State, 902 So.2d 738 (Ala.2004), and their progeny. I adhere to my writings in Wright and Childers v. State, 899 So.2d 1025 (Ala.2004)(plurality opinion), maintaining that this Court has unnecessarily extended Cole and that, if the evidence before the trial court supports a lesser offense, then the indictment is necessarily amended by construction to encompass the lesser offense. This issue, however, was not presented to this Court, and this Court did not have an opportunity to revisit it.
NOTES
[1] We do not understand the State to actually be suggesting that an opinion by the United States Court of Appeals for the Fifth Circuit could "overrule" an opinion of the United States Supreme Court; moreover, the cited Fifth Circuit case, Jeffers v. Chandler, simply represents the disposition by the Fifth Circuit of the latest of the numerous collateral attacks filed by Jeffers, the partially successful certiorari petitioner in Jeffers v. United States, 24 years before. In that case, the Supreme Court held that Jeffers, who had successfully opposed a government motion to consolidate two indictments against him for trial, "was solely responsible for the successive prosecutions" that ensued. As a result, the successive prosecutions did not offend the Double Jeopardy Clause. 432 U.S. at 154, 97 S.Ct. 2207. The Court noted in a footnote that "[t]he considerations relating to the propriety of a second trial would obviously be much different if any action by the Government contributed to the separate prosecutions on the lesser and greater charges. No hint of that is present in the case before us, since the Government affirmatively sought trial on the two indictments together." 432 U.S. at 152 n. 20, 97 S.Ct. 2207.