BASCHAB, Judge.
The appellant, Jonathan Peake, was indicted for first-degree robbery. On August 26, 1999, he was convicted of second-degree, robbery. On November 29, 1999, the trial court sentenced him, as a habitual offender, to serve - a term of twenty-one years in prison. See § 13A-5-9(a)(2), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on March 23, 2001. See Peake v. State, (CR-99-0465) 814 So.2d 1012 .(Ala.Crim.App.2000) (table). On October 20, 2004, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case. Specifically, he contends that the trial court did not have “jurisdiction to try, to convict, or to sentence” him for the offense of second-degree robbery because the indictment did not allege that he was aided by another person who was actually present and because the indictment was not properly amended to allege that he was *784 aided by another person who was actually present. (Appellant’s brief at p. 8.) The State concedes that the indictment did not include an allegation that the appellant was aided by another person who was actually present. It also concedes that the indictment was not expressly amended to include such an allegation and that the trial court’s instruction on first-degree robbery did not implicitly amend the indictment to include such an allegation. For the reasons set forth herein, we agree.
We addressed a similar situation in Wright v. State, 902 So.2d 720, 729-31 (Ala.Crim.App.), aff'd, 902 So.2d 738 (Ala.2004), as follows:
“In the present case, it is clear that Wright’s indictment ‘fails to set forth facts from which one might conclude that [Wright] was aided in the robbery by another participant — an essential element of the offense of second-degree robbery.’ Ex parte Cole, 842 So.2d [605,] 609 [(Ala.2002)]. Under the wording of the indictment in this case — which did not include the essential element of the offense of robbery in the second degree that Wright was aided in the robbery by another participant — robbery in the second degree was not a lesser-included offense of robbery in the first degree.
“... [R]obbery in the second degree does not become a lesser-included offense of robbery in the first degree merely because there is evidence to support a jury charge on robbery in the second degree, just as robbery in the second degree does not become a lesser-included offense merely because there is a factual basis for a guilty plea. See Toliver [v. State ], 881 So.2d [1070,] 1073-74 [(Ala.Crim.App.2003)]. In order for robbery in the second degree to become a lesser-included offense of robbery in the first degree, the indictment charging robbery in the first degree— either the original indictment or a properly amended indictment — must include the element that the defendant was aided in the robbery by another person.
[[Image here]]
“As the State correctly contends, the trial court’s charge to the jury can effectively amend an indictment. See Ash [v. State], 843 So.2d 213 [(Ala.2002)]. Thus, if, while charging the jury on the elements of robbery in the first degree, the trial court had instructed the jury that an element of robbery in the first degree was the fact that another person was present and participates in the offense, this would have implicitly amended the robbery-in-the-first-degree indictment because ‘first-degree robbery is broad enough to include such an element.’ Cole, 842 So.2d at 609....
“However, the trial court did not do that here. Instead, as previously noted, the trial court charged the jury on the elements of robbery in the first degree and the elements of robbery in the second degree and then stated:
“ ‘Now, what is the difference between robbery in the first degree and robbery in the second degree? Robbery in the first degree requires the presence of a firearm, that the defendant was armed with a deadly weapon or a dangerous instrument. And robbery in the second degree was that the defendant was aided by another person who was actually present and a firearm or a deadly weapon was not present.’
“(R. 153.) The trial court’s method of charging the jury in this case was tantamount to adding a robbery-in-the-second-degree charge to the indictment, which we have determined to be an im *785 proper amendment. See Toliver, 881 So.2d at 1076.”
(Footnotes omitted.)
We have reviewed the indictment that was included in the record from the appellant’s direct appeal, and it did not include an allegation that the appellant was aided by another person who was actually present.[1] Also, the record from the appellant’s direct appeal does not indicate that the parties expressly agreed to amend the indictment to include such an allegation. Finally, we have reviewed the trial court’s jury instructions, and we conclude that the trial court did not implicitly amend the indictment through its instructions to include an allegation that the appellant was aided by another person who was actually present.
Because the indictment in this case did not allege that the appellant was aided by another person who was actually present and because the indictment was not expressly or implicitly amended to include such an allegation, second-degree robbery was not a lesser included offense of first-degree robbery. Therefore, the trial court did not have jurisdiction to render a judgment and impose a sentence for second-degree robbery. Further, because the jury acquitted the appellant of first-degree robbery, the State cannot retry him for the offense of first-degree robbery. See Bradley v. State, 925 So.2d 232 (Ala.2005). However,
“it can reindict him on a robbery-in-the-second-degree charge because, as the Alabama Supreme Court stated in Ex parte Cole:
“ ‘A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy. Dutton v. State, 807 So.2d 596 (Ala.Crim.App.2001), citing Cox v. State, 585 So.2d 182, 192 (Ala.Crim.App.1991). See also Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim.App.1985).’
“842 So.2d at 609.”
Wright, 902 So.2d at 733. Accordingly, we reverse the circuit court’s judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
mcmillan, p.j., and cobb, shaw, and WISE, JJ., concur.

. We have taken judicial notice of the record from the appellant’s direct appeal. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998).