STUART, Justice
(concurring specially).
I join Chief Justice Nabers’s special concurrence; I agree that when the issue whether a defect in an indictment divests the trial court of subject-matter jurisdiction in a criminal case is properly presented to this Court, we should overrule our precedent that it does. I recognize that I concurred with the majority’s decision to decline the State’s request in Ex parte Lewis, 811 So.2d 485 (Ala.2001), that this Court overrule our precedent holding that the failure of an indictment to allege an essential element of the charge created a jurisdictional defect. I have reviewed Ex parte Lewis and its progeny,[1] and I realize now that I made a mistake concurring in Ex parte Lewis; I regret that I did not dissent on the basis that this Court has misconstrued the term “jurisdiction” and that I did not encourage the Court to overrule the precedent, because, as the United States Supreme Court has stated, subject-matter jurisdiction is “ ‘the courts’ statutory or constitutional power to adjudicate the case.’ ” United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)(quoting Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). A court cannot be divested of subject-matter jurisdiction by a defect in a pleading that does not prejudice the defendant. See Justice See’s dissenting opinion in Ex parte Lewis, 811 So.2d at 490-91.

. I have reviewed the following decisions, which have been impacted by this Court’s decision in Ex parte Lewis: R.S.M. v. State, 931 So.2d 69 (Ala.Crim.App.2005); Burger v. State, 915 So.2d 586 (Ala.Crim.App.2005); Grant v. State, 904 So.2d 365 (Ala.Crim.App.2005); Sullens v. State, 878 So.2d 1216 (Ala.Crim.App.2003)(Shaw, J., dissenting); Cogman v. State, 870 So.2d 762 (Ala.Crim.App.2003); and Ex parte Cole, 842 So.2d 605 (Ala.2002).
I further note that Ex parte Cole and its significant progeny also stem from our case-law holding that the trial court's subject-matter jurisdiction in a criminal case evolves from the indictment. In my special writing in Wright v. State, 902 So.2d 738 (Ala.2004), I explained my disagreement with the majority’s interpretation of Ex parte Cole and my belief that a trial court does not lose subject-matter jurisdiction if an indictment is not factually amended to bring a lesser charge within the scope of the original indictment. See also my special writings in Childers v. State, 899 So.2d 1025, 1034 (Ala.2004)(Stuart, J., dissenting); Bradley v. State, 925 So.2d 232, 245 (Ala.2005)(Stuart, J., concurring in the result); and Johnson v. State, 922 So.2d 144 (Ala.2005)(Stuart, J., concurring specially).